QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Mari F. Henderson (Bar No. 307693)
  marihenderson@quinnemanuel.com
  Janet C. Shamilian (Bar No. 329695)
  janetshamilian@quinnemanuel.com
  Julian T. Schoen (Bar No. 344202)
  julianschoen@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Alex Spiro (*pro hac vice forthcoming*)
  alexspiro@quinnemanuel.com
51 Madison Ave 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Hot Girl Touring, LLC and Megan
Thee Stallion Entertainment, Inc.*

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/29/2024 12:10 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| Emilio Garcia, an Individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Roc Nation, LLC, a Delaware business organization; Hot Girl Touring, LLC, a Delaware Business Organization; Megan Thee Stallion Entertainment, Inc., a Delaware Business Organization; Megan Thee Stallion, an Individual, and Does 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 24STCV10140<br><br>**DEFENDANTS HOT GIRL TOURING, LLC AND MEGAN THEE STALLION ENTERTAINMENT, INC.'S ANSWER TO THE COMPLAINT OF PLAINTIFF EMILIO GARCIA**<br><br>Dept:                          3<br>Complainted Filed:    April 23, 2024<br>Trial Date:                None Set<br><br>Assigned for All Purposes to Honorable Judge Lia Martin |

1   Defendants Hot Girl Touring, LLC ("HGT") and Megan Thee Stallion Entertainment, Inc.

2   ("MTS Ent.") hereby answer the Complaint filed by Plaintiff Emilio Garcia ("Plaintiff"), while

3   reserving their right to remove this action to the United States District Court for the Central District

4   of California.

5   **PRELIMINARY STATEMENT**

6   Plaintiff's allegations of harassment and of purported labor code violations are fabricated.

7   While his Complaint spans 35 pages, it consists almost entirely of falsehoods, misrepresentations of

8   fact, and outlandish claims that have no basis in fact or law and no merit.  Plaintiff is a con artist

9   who is manipulating the judicial system to act as his publicist and bullhorn in a desperate attempt to

10  boost his failed singing career while trying to tear down the successful career of Megan thee Stallion

11  (real name Megan Pete or "Ms. Pete").  Throughout his tenure as an independently contracted

12  photographer and videographer for Ms. Pete and her production companies, Defendants HGT and

13  MTS Ent., Plaintiff repeatedly falsified his invoices and overcharged Ms. Pete for services he never

14  completed and sought reimbursements for money he never spent.  Plaintiff's pattern of

15  misrepresentations was so prevalent that Ms. Pete was forced to terminate Plaintiff in June 2023.

16  Angry at the loss of this high-profile gig and his exile from the inner circles of stardom,

17  Plaintiff filed a factually and legally frivolous Complaint.  Plaintiff took a run of the mill wage and

18  labor dispute and trumped up his frivolous claims with sensationalist false allegations of sex,

19  debauchery, and workplace harassment for the sole purpose of creating a media firestorm to tarnish

20  the career and reputation of Ms. Pete.  As evidence of his true intent to get media attention, and to

21  use this sham Complaint as a vehicle for his press campaign, this Complaint should never have even

22  been filed in California state court because his independent contractor contract requires litigation in

23  New York and because he, and all properly joined defendants, are not California citizens.

24  Defendants thus have filed a notice of removal simultaneous with this Answer.

25  There is no truth to Plaintiff's claims that he was harassed, misclassified, or improperly paid.

26  Accordingly, HGT and MTS Ent. vehemently deny Plaintiff's baldfaced misrepresentations and

27

28

DEFENDANTS HOT GIRL TOURING, LLC AND MEGAN THEE STALLION ENTERTAINMENT, INC.'S
ANSWER TO THE COMPLAINT OF PLAINTIFF EMILIO GARCIA

distortions of fact, and have set forth a general denial and affirmative defenses to the meritless allegations in the Complaint below.[1]

## GENERAL DENIAL

1.      Pursuant to California Code of Civil Procedure § 431.30, HGT and MTS Ent. deny, both generally and specifically, each and every allegation, matter, or fact contained in Plaintiff's complaint and each and every cause of action therein.

2.      HGT and MTS Ent. further deny that Plaintiff has sustained any injury, damage, or loss, if any, by reason of any act or omission of HGT and MTS Ent., and specifically deny that Plaintiff suffered any of the damages alleged in his complaint.

3.      HGT and MTS Ent. further deny that Plaintiff is entitled to any relief against HGT and MTS Ent. on any ground whatsoever and deny that Plaintiff is entitled to damages against HGT and MTS Ent. in any amount.

## AFFIRMATIVE DEFENSES

Pursuant to California Code of Civil Procedure § 431.30(g), HGT and MTS Ent. assert the following affirmative defenses against Plaintiff as to each and every cause of action alleged in the complaint, unless otherwise noted.  HGT and MTS Ent. do not assume the burden of proof as to any of the following defenses when that burden would otherwise fall on Plaintiff, and HGT and MTS Ent. reserve the right to supplement and/or amend these defenses as well as the right to assert new defenses.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The complaint and each cause of action alleged therein fails to state facts sufficient to state a cause of action against HGT and MTS Ent.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Injury or Damages)

---

[1]   As of the date of this filing, Ms. Pete, a named defendant, has not been served with the Complaint. Ms. Pete reserves all rights to object and deny all allegations.

The complaint is barred, in whole or in part, because Plaintiff has suffered no damage by any acts, events or occurrence alleged in the complaint, whether or not attributable to HGT and MTS Ent., and further deny they are liable to Plaintiff for any supposed injury or damage.

**THIRD AFFIRMATIVE DEFENSE**

**(Worker Was Not Hiring Entity's Employee)**

The complaint and each cause of action alleged therein is barred, in whole or in part, because Plaintiff was not an employee of HGT and MTS Ent., but rather an independent contractor of HGT pursuant to California Labor Code § 2775.

**FOURTH AFFIRMATIVE DEFENSE**

**(Attorney's Fees)**

Plaintiff has failed to meet his factual and pleading burden inasmuch as the complaint is frivolous, and HGT and MTS Ent. have engaged attorneys to represent them in the defense of Plaintiff's frivolous, unfounded and unreasonable action and is thereby entitled to an award of reasonable attorneys' fees upon judgment in its favor.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to State Facts Sufficient to Recover Punitive Damages)**

The complaint, and each and every purported cause of action set forth therein, fails to allege facts sufficient to recover punitive, special or exemplary damages or to show that HGT and MTS Ent. were guilty of malice, oppression or fraud, as required under California Civil Code section 3294.

**SIXTH AFFIRMATIVE DEFNSE**

**(No Underlying Wrongful Conduct)**

The Complaint is barred, in whole or in part, because no wrongful conduct took place and HGT & MTS Ent.'s actions were legitimate, non-discriminatory, and non-retaliatory.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff failed to meet his burden, inasmuch as he has had and continues to have the ability and opportunity to mitigate the damages alleged with respect to the subject matter of this litigation,

and he has failed and refused to mitigate the damages. Plaintiff's right to recovery, if any, must be reduced because he has failed to properly mitigated his alleged losses.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

The complaint and each cause of action alleged therein is barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose, including, but not limited to, California Government Code § 12900, *et seq.*, California Code of Civil Procedure §§ 337 and 343.

### NINTH AFFIRMATIVE DEFENSE

#### (Laches)

The complaint and each cause of action alleged therein is barred, in whole or in part, by the doctrine of laches because Plaintiff waited an unreasonable period of time before he filed his complaint, causing prejudice to HGT and MTS Ent.

### TENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

As a result of the acts and omissions in the matters relevant to this complaint, Plaintiff has unclean hands and is therefore barred from asserting any causes of action against HGT and MTS Ent.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

By conduct, representations, and omissions, Plaintiffs are equitably estopped from asserting any cause of action against HGT and MTS Ent. respecting the matters that are the subject of the complaint.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Waiver)

By conduct, representations, and omissions, Plaintiff has waived, relinquished, abandoned, and/or is equitably estopped from asserting any claim for relief against HGT and MTS Ent. respecting the matters that are the subject of the complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Proportional Liability)

The complaint is barred, in whole or in part, because liability, which is expressly denied, is the subject of partial or total proportional liability to a party other than HGT and MTS Ent.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

The complaint is barred, in whole or in part, because the basis of Plaintiff's allegations cannot be ascertained from the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Due Care)

HGT and MTS Ent. have at all times exercised due care in regard to any actions, conduct, or other matters alleged in Plaintiff's complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Intent)

The complaint, and each and every cause of action asserted therein, is barred because HGT and MTS Ent. did not act with the requisite degree of intent or fault.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Intentional Acts of Others)

If Plaintiff was damaged, which HGT and MTS Ent. expressly denies, the willful and/or intentional acts of third parties were the sole and/or partial legal cause of Plaintiff's damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Proximate / Alternate Causation)

Whatever injury or damage may have been sustained by Plaintiff was not proximately caused by any act or omission on the part of HGT and MTS Ent.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Superseding and/or Intervening Causations)

Any damages of Plaintiff were the result of supervening and/or intervening acts, omissions, and breaches of duty by third parties over which HGT and MTS Ent. had no control and,

accordingly, HTS and MTS Ent. have no liability to Plaintiff, and/or were the result of concurrent cause or causes which reduce HGT and MTS Ent.'s liability, if any, in proportion to the damages resulting from such concurrent cause.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (No Emotional Distress)

Plaintiff cannot show any acts or conduct by HGT and MTS Ent. caused him emotional distress because his allegations of harassment and other misconduct are false and fabricated.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Several Liability for Non-Economic Damages)

Under Civil Code § 1431.2, the liability of a defendant for non-economic damages is several only and shall not be joint. If a judgment is rendered against any of the Defendants, then each Defendant shall be liable only for the amount of non-economic damages allocated to that Defendant in direct proportion to its respective percentage of fault, if any, and the trier of fact should render separate judgments in accordance with Civil Code § 1431.2(a).

### STATEMENT OF INTENT TO REMOVE

HGT and MTS Ent. intend to remove this action to federal court under 28 U.S.C. § 1441(a). This answer is purely defensive and not inconsistent with HGT and MTS Ent.'s right to remove.

### PRAYER FOR RELIEF

Accordingly, HGT and MTS Ent. pray for judgment as follows:

1. Plaintiff take nothing under the Complaint, and that the Complaint is dismissed with prejudice and judgment be entered in favor of Defendants, and against Plaintiff;

2. Defendants be awarded costs of suit herein;

3. The Court award Defendants such other and further relief that the Court deems just and proper;

4. If multiple Defendants are found liable, that the degree of the responsibility and liability for the resulting damages be determined, and Defendants shall be held liable only for its proportion of the total damages.

1

2  DATED: May 29, 2024                      QUINN EMANUEL URQUHART &
                                               SULLIVAN, LLP

3

4

5                                            By _____

6                                                  Mari F. Henderson
                                                Alex Spiro

7                                                  Janet Shamilian
                                                Julian T. Schoen

8                                                  *Attorneys for Hot Girl Touring, LLC and Megan Thee Stallion Entertainment, Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS HOT GIRL TOURING, LLC AND MEGAN THEE STALLION ENTERTAINMENT, INC.'S
ANSWER TO THE COMPLAINT OF PLAINTIFF EMILIO GARCIA

1

2 **<u>PROOF OF SERVICE</u>**

3 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4      At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 865 South
5 Figueroa Street, 10th Floor, Los Angeles, California 90017.

6      On May 29, 2024, I served true copies of the following document(s) described as

7 **DEFENDANTS HOT GIRL TOURING, LLC AND MEGAN THEE STALLION ENTERTAINMENT, INC.'S ANSWER TO THE COMPLAINT OF PLAINTIFF EMILIO**
8 **GARCIA**

9 on the interested parties in this action as follows:

10  Neama Rahmani (State Bar No. 223819)
    efilings@westcoasttriallawyers.com
11  Ronald L. Zambrano (State Bar No. 255613)
    ron@westcoasttriallawyers.com
12  WEST COAST TRIAL LAWYERS, APLC
    1147 South Hope Street
13  Los Angeles, California 90015
    Telephone: (213) 927-3700
14  Facsimile: (213) 927-3701

15  *Counsel for Plaintiff*

16

17      **BY E-MAIL OR ELECTRONIC TRANSMISSION**: Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent
18 from e-mail address marihenderson@quinnemanuel.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic
19 message or other indication that the transmission was unsuccessful.

20      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22      Executed on May 29, 2024, at Los Angeles, California.

23

24                                        _____
25                                        Mari Henderson

26

27

28