**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Mari F. Henderson (Bar No. 307693)
marihenderson@quinnemanuel.com
Janet Shamilian (Bar No. 329695)
janetshamilian@quinnemanuel.com
Julian T. Schoen (Bar No. 344202)
julianschoen@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849 7000

*Attorneys for Megan Thee Stallion*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO GARCIA, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ROC NATION LLC, a Delaware business organization; HOT GIRL TOURING, LLC, a Delaware Business Organization; MEGAN THEE STALLION ENTERTAINMENT, INC., a Delaware Business Organization; MEGAN THEE STALLION, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04448-HDV-SSC<br><br>**DEFENDANT MEGAN THEE STALLION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Hearing Date:  August 22, 2024<br>Time:          10:00 A.M.<br>Judge:         Hon. Hernán D. Vera<br>Courtroom:     5B |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF EMILIO GARCIA AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 22, 2024 at 10:00 A.M., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Hernán D. Vera (Courtroom 5B) of the above entitled Court, located at 350 West 1st Street, Los Angeles, CA 90012-4565, Defendant Megan Thee Stallion (Megan Pete) will appear and hereby does move this Court under Federal Rule of Civil Procedure 12(b)(2) to dismiss her from the action for lack of personal jurisdiction.

The Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 10-11, 2024.  Plaintiff's counsel indicated they are opposed to the relief requested in this Motion.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declarations of Mari F. Henderson and Jordan W. Siev, the argument of counsel, all of the pleadings and other papers on file in this action, including the simultaneously filed Motion to Transfer, and such other matters as may be presented at the hearing on this Motion or prior to the Court's decision.

//
//
//
//
//
//
//
//
//
//
//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: _____

Mari F. Henderson (Bar No. 307693)
marihenderson@quinnemanuel.com
Janet Shamilian (Bar No. 329695)
janetshamilian@quinnemanuel.com
Julian T. Schoen (Bar No. 344202)
julianschoen@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Alex Spiro (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849 7000

*Counsel for Megan Thee Stallion*

DEFENDANT MEGAN THEE STALLION'S MOTION TO DISMISS

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I. PRELIMINARY STATEMENT ............................................................. 1

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY ........... 1

III. LEGAL STANDARD ........................................................................ 3

IV. ARGUMENT .................................................................................... 4

    A. Ms. Pete Is Not Subject to the Traditional Bases of General Jurisdiction in California .................................................................. 5

    B. Ms. Pete Is Not Subject to Specific Personal Jurisdiction in California .......................................................................................... 6

        1. Ms. Pete Did Not Purposefully Direct Contacts in California .................................................................................. 7

        2. Ms. Pete Did Not Purposefully Avail Herself of the Privileges and Benefits of California ......................................... 8

            (a) Prior Contract Negotiations Occurred in Texas and New York ........................................................... 9

            (b) The Terms of the Contract Have No Relation to California ................................................................ 10

            (c) The Contract Does Not Contemplate Future Consequences in California ....................................... 10

            (d) The Parties' Course of Dealing Primarily Occurred Outside of California .............................. 11

        3. Plaintiff's Claims Do Not Arise Out Of or Relate To Ms. Pete's California Contacts ..................................................... 11

        4. The Due Process Reasonableness Factors Weigh Against Jurisdiction in California ......................................................... 12

V. CONCLUSION ............................................................................... 16

CERTIFICATE OF COMPLIANCE ........................................................ 17

# TABLE OF AUTHORITIES

**Page**

## Cases

*Abrams Shell v. Shell Oil Co.*,
165 F. Supp. 2d 1096 (C.D. Cal. 2001) ................................................................ 5

*AMA Multimedia, LLC v. Wanat*,
970 F.3d 1201 (9th Cir. 2020) ............................................................................. 4

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
571 U.S. 49 (2013) ............................................................................................. 10

*In re Barker*,
839 F.3d 1189 (9th Cir. 2016) ............................................................................. 7

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ...................................................... 5, 8, 9, 10, 11, 13

*Calder v. Jones*,
465 U.S. 783 (1984) ........................................................................................ 7, 8

*CE Distrib., LLC v. New Sensor Corp.*,
380 F.3d 1107 (9th Cir. 2004) ........................................................................... 14

*Core-Vent Corp. v. Nobel Industries AB*,
11 F.3d 1482 (9th Cir. 1993) .......................................................... 13, 14, 15

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ............................................................................................. 5

*Davis v. Cranfield Aerospace Sols., Ltd.*,
71 F.4th 1154 (9th Cir. 2023) ............................................ 6, 7, 8, 10, 11, 12

*Ehrman v. Cox Commc'ns, Inc.*,
932 F.3d 1223, (9th Cir. 2019) ........................................................................... 5

*Hakopian v. Mukasey*,
551 F.3d 843 (9th Cir. 2008) ............................................................................... 7

*International Shoe Co. v. Washington*,
326 U.S. 310 (1945) ............................................................................................ 6

*Licea v. Caraway Home Inc.*,
 655 F. Supp. 3d 954 (C.D. Cal. 2023)................................................................12

*Martinez v. Aero Caribbean*,
 764 F.3d 1062 (9th Cir. 2014) ........................................................................3

*Morrill v. Scott Fin. Corp.*,
 873 F.3d 1136 (9th Cir. 2017) ........................................................................7

*Pebble Beach Co. v. Caddy*,
 453 F.3d 1151 (9th Cir. 2006) ........................................................................7

*Picot v. Weston*,
 780 F.3d 1206 (9th Cir. 2015) ..................................................................4, 7, 8

*Ranza v. Nike, Inc.*,
 793 F.3d 1059 (9th Cir. 2015) ........................................................................4

*Schwarzenegger v. Fred Martin Motor Co.*,
 374 F.3d 797 (9th Cir. 2004)................................................................4, 6, 8, 9

*SEC v. Ross*,
 504 F.3d 1130 (9th Cir. 2007) ........................................................................5

*Swartz v. KPMG LLP*,
 476 F.3d 756 (9th Cir. 2007) ........................................................................12

*Sweeney v. Carter*,
 2021 WL 4776064 (C.D. Cal. Oct. 12, 2021) ........................................................10

*Voris v. Lampert*,
 7 Cal. 5th 1141 (2019)................................................................................9

*Walden v. Fiore*,
 571 U.S. 277 (2014) ..........................................................................6, 9, 12

*Williams v. Yamaha Motor Co. Ltd.*,
 851 F.3d 1015 (9th Cir. 2017) ........................................................................4

*Yamashita v. LG Chem, Ltd.*,
 62 F.4th 496 (9th Cir. 2023) ........................................................................4

## **Rules & Statutes**

Cal. Civ. Proc. Code § 410.10 ........................................................................4

Cal. Gov't Code § 12900, et seq. (Fair Employment and Housing Act) ..................3

Fed. R. Civ. P. 4(d) ................................................................................5, 6

Fed. R. Civ. P. 4(k)(1)(A) ......................................................................4, 6

Fed. R. Civ. P. 12(b)(2) ..............................................................................3

## <u>Other Authorities</u>

Akil McCoy, *Contact Us*, https://akilaface.com/pages/contact-us (last
visited June 14, 2024)..........................................................................15

## I.  **PRELIMINARY STATEMENT**

This case involves an alleged incident that occurred out of the country, an out-of-state plaintiff, and an out-of-state defendant with no minimum contacts with California.  Defendant Megan Thee Stallion (Megan Pete or "Ms. Pete") is a citizen of Florida.  Plaintiff Emilio Garcia is a citizen of Texas.  By Plaintiff's own admission, his false tort claims against Ms. Pete arise from conduct that purportedly occurred in Ibiza, Spain.  And Plaintiff's meritless labor claims relate to a contract that expressly classifies him as an independent contractor and provides for New York law and the exclusive jurisdiction of New York courts.  Put simply, California has no jurisdiction over Ms. Pete in this case, and her Motion should be granted for the following reasons.

*First*, Ms. Pete is not subject to any of the traditional bases of personal jurisdiction: her domicile is Florida and she never consented to jurisdiction in California.

*Second*, Ms. Pete is not subject to specific jurisdiction in California.  Plaintiff's alleged harassment occurred in Ibiza, Spain, so even assuming his false allegations are true (they are not), the purposeful direction test points thousands of miles away to Ibiza, not California.  Nor can the court exercise jurisdiction on Ms. Pete under the purposeful availment standard because the parties are California nonresidents and their contract was negotiated outside of California, was governed exclusively by New York law, and work under the contract was primarily performed outside of California.

*Third*, Plaintiff's barebones allegations fail to state how, if at all, any of his alleged injuries arise out of or relate to Ms. Pete's purported California contacts.  And *finally*, the due process reasonableness factors all weigh against a finding of personal jurisdiction for Ms. Pete in California.  Absent a valid basis for jurisdiction, the Court should grant Ms. Pete's Motion and dismiss her from this action.

## II.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Megan Thee Stallion (Megan Pete) is an American musician and performance artist.  Declaration of Mari F. Henderson ("Henderson Decl.") ¶ 3.  Ms. Pete regularly

performs both national and international tour dates in cities such as New York, Memphis, Denver, Tokyo, London, Berlin, Paris, Rio De Janeiro, and many others. *Id*. She also engages in various publicity and marketing events throughout the world, such as award shows, magazine and music video shoots, interviews, and other in-person appearances. *Id*. Only a small fraction of these performances and marketing events occur in California. *Id*. When Ms. Pete is not touring or otherwise working on music, her permanent residence is in Miami, Florida, where she resides as a Florida citizen. *Id*. at ¶ 4. Ms. Pete pays Florida taxes, has a Florida identification card, and is registered to vote in Florida. *Id*. She does not own any property in California, does not pay taxes in California, does not have a California identification card, and is not registered to vote in California. *Id*.

On March 1, 2020, Ms. Pete, through her production company Hot Girl Touring, LLC ("HGT"), entered into an independent contractor engagement with Plaintiff. Ex. 1 (the "Agreement").[1] By the express terms of the Agreement, Plaintiff—a Texas citizen whose permanent residence is in Houston, Texas—agreed "to provide photography and videography and editing services (including retouching)" on an independent contractor basis. *Id*. at Paragraph 1; *see also* Ex. 2 (Plaintiff's invoices identifying address and bank account in Houston, Texas); Ex. 3 (Plaintiff's current Texas voter registration); Ex. 4 (Plaintiff's limited liability registration in Texas using Texas taxpayer number). New York law governed the Agreement, and the parties agreed to designate the state and federal courts of New York with "exclusive jurisdiction" over all claims related to the contract. Ex. 1 at Paragraph 10. Ms. Pete and Plaintiff negotiated the terms of the Agreement outside of California; Ms. Pete did so together with her counsel, located in New York, and Plaintiff was presumably in his home state of Texas. Henderson Decl. ¶ 5.

---

[1] All Exhibits referenced herein are exhibits to the June 25, 2024 Declaration of Mari F. Henderson.

1    From March 2020 until his termination in June 2023, Plaintiff performed his

2    obligations under the Agreement in cities around the globe like Houston, New York,

3    Miami, Tokyo, Osaka, Barcelona, Rio de Janeiro, and others.  Indeed, between March

4    5 and December 4, 2022, Plaintiff was on assignment with Ms. Pete as she performed

5    45 shows in countries like Belgium, Brazil, Ireland, Portugal, Australia, and England.

6    Ex. 5.  Only four of Ms. Pete's 2022 tour dates were in California.  *Id*.

7    On April 23, 2024, Plaintiff—a Texas citizen—filed his complaint in California

8    state court against Ms. Pete and Defendants HGT, Megan Thee Stallion

9    Entertainment, Inc. ("MTS Ent."), and Roc Nation, LLC ("Roc Nation"), alleging

10   workplace harassment under the Fair Employment and Housing Act ("FEHA"),

11   misclassification, and various wage and hour claims under California state law.  *See*

12   *generally*, Dkt. 1-1, Ex. 1 ("Compl.").  By his own allegations, Plaintiff claims that

13   Ms. Pete harassed him while he was on an independent contractor assignment ***in Ibiza,***

14   ***Spain***.  Compl. ¶¶ 13-14.

15   On May 29, 2024, Defendants HGT and Megan Thee Stallion Entertainment,

16   Inc. ("MTS Ent.") timely removed the State Action to this Court on the basis of

17   diversity jurisdiction.  Dkt. 1.  On June 10 and 11, 2024, the parties met and conferred

18   regarding the present Motion, and Plaintiff's counsel indicated they are opposed to

19   the relief requested in this Motion.  Henderson Decl. ¶ 10; Ex. 6.  On June 13, 2024,

20   Ms. Pete formally waived service of process.  Dkt. 21.  In waiving service, Ms. Pete

21   did not waive objections to jurisdiction and venue under Federal Rule of Civil

22   Procedure 4(d)(5).  Henderson Decl. ¶ 11.

## III.   <u>LEGAL STANDARD</u>

24   In a motion challenging personal jurisdiction under Federal Rule of Civil

25   Procedure ("Rule") 12(b)(2), the plaintiff bears the burden of establishing that

26   jurisdiction exists against all defendants.  *Martinez v. Aero Caribbean*, 764 F.3d 1062,

27   1066 (9th Cir. 2014).  "Where, as here, the defendant's motion is based on written

28   materials rather than an evidentiary hearing, the plaintiff need only make a prima facie

showing of jurisdictional facts to withstand the motion to dismiss." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 502 (9th Cir. 2023).  Under that standard, "uncontroverted allegations in the complaint must be taken as true" and "[c]onflicts between parties over statements contained in affidavits must be resolved in [the plaintiff's] favor." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020).  But the "prima facie standard is not toothless."  *Id*.  A plaintiff cannot "simply rest on the bare allegations of its complaint," *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004), and a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Picot v. Weston*, 780 F.3d 1206, 1209 n.1 (9th Cir. 2015).  Here, Plaintiff failed to allege jurisdictional facts in his Complaint to withstand a motion to dismiss.

Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits.  Fed. R. Civ. P. 4(k)(1)(A).  California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same.  *Schwarzenegger*, 374 F.3d at 800–01.

## IV.   ARGUMENT

There are two bases for exercising personal jurisdiction over a defendant: general jurisdiction and specific jurisdiction. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).  For general jurisdiction to exist over a nonresident defendant, "the defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801.  Alternatively, a court may assert specific jurisdiction where "the defendant's suit-related conduct" create "a substantial connection with the forum State." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1022-23 (9th Cir. 2017).  For the reasons discussed below, Ms. Pete is not subject to general or specific personal jurisdiction in California, and thus her Motion must be granted.

A.    **Ms. Pete Is Not Subject to the Traditional Bases of General Jurisdiction in California**

There are three "traditional" bases for exercising general jurisdiction over an individual defendant: "(1) personal service within the state (physical presence); (2) domicile in the state; and (3) consent." *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1104 n.3 (C.D. Cal. 2001) (citations omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile". *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 (2014). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

Here, none of the traditional bases of personal jurisdiction apply to Ms. Pete. First, Ms. Pete's domicile is Florida, not California. Her permanent residence is in Florida. Henderson Decl. ¶ 4. She is registered to vote in Florida, pays Florida taxes, and has a Florida identification card. *Id.* Florida is the forum where Ms. Pete resides with the intention to remain. *See Ehrman*, 932 F.3d at 1227. Ms. Pete does not own any property in California, does not pay taxes in California, is not registered to vote in California, and does not have a California identification card. Henderson Decl. ¶ 4.

Second, Ms. Pete never consented to jurisdiction in California; rather, she specifically consented to jurisdiction in New York. The acceptance of a valid forum selection clause constitutes consent to personal jurisdiction in the identified forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *SEC v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007). Here, Ms. Pete and Plaintiff consented by contract to the "exclusive jurisdiction" of the "state and Federal courts located in New York County, New York". Ex. 1 at Paragraph 10. Nothing in the Agreement refers or relates to California, and there is no evidence Ms. Pete otherwise consented to jurisdiction in California.

Third, Ms. Pete was not personally served in California. In fact, Plaintiff's counsel made no known attempts to even serve Ms. Pete in California, or elsewhere, after filing this Complaint on April 23, 2024. Instead, on June 13, 2024, Ms. Pete formally waived service process and Plaintiff filed the executed version. Dkt. 21; Henderson Decl. ¶ 11. Ms. Pete's waiver of service of process "does not waive any objection to personal jurisdiction or to venue." Fed. R. Civ. P. 4(d)(5). Nor does the waiver of service establish personal jurisdiction over Ms. Pete because she is not domiciled in California. *See* Fed. R. Civ. P. 4(k)(1)(A). There is thus no basis for exercising general jurisdiction of Ms. Pete in California.

**B.** **Ms. Pete Is Not Subject to Specific Personal Jurisdiction in California**

Absent a traditional basis for general jurisdiction, a court may exercise specific personal jurisdiction over a nonresident defendant who has "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The touchstone for asserting specific jurisdiction over a nonresident defendant is "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

The Ninth Circuit provides three requirements for establishing specific jurisdiction: (1) the non-resident defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;" (2) the claim must be one which "arises out of or relates to the defendant's forum-related activities"; and (3) the exercise of jurisdiction "must comport with fair play and substantial justice, i.e. it must be reasonable." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1161-62 (9th Cir. 2023). The plaintiff bears the burden on the first two prongs, but once both are established, the defendant must come forward with

a compelling case that the exercise of jurisdiction would not be reasonable. *Schwarzenegger*, 374 F.3d at 802. For the reasons discussed below, Plaintiff will be unable to satisfy his burden to demonstrate that Ms. Pete is subject to specific jurisdiction in California.

### 1. Ms. Pete Did Not Purposefully Direct Contacts in California

"For claims sounding in tort, [courts] apply a 'purposeful direction' test and look to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere." *Picot*, 780 F.3d at 1212. The purposeful direction analysis utilizes the three-part "effects" test, which requires the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006); *see Calder v. Jones*, 465 U.S. 783, 789–90 (1984).

Here, the purposeful direction test applies to Plaintiff's workplace harassment and failure to prevent harassment claims because they sound in tort. *See Picot*, 780 F.3d at 1212. However, Plaintiff admits that the events giving rise to his purported harassment claims occurred in Ibiza, Spain, not California. Compl. ¶¶ 13-14; *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008) ("Allegations in a complaint are considered judicial admissions."); *In re Barker*, 839 F.3d 1189, 1195 (9th Cir. 2016) ("Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. [They] are conclusively binding on the party who made them.") (citation omitted). This is fatal to his claim against Ms. Pete because "[h]arm suffered in the forum state is a ***necessary element*** in establishing purposeful direction." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1144 (9th Cir. 2017) (emphasis added).

Plaintiff fails to allege that any purported harm from Ms. Pete's alleged workplace harassment occurred in California or was likely to be suffered in California. *See Davis*, 71 F.4th at 1163 (affirming dismissal of English corporation

for lack of personal jurisdiction under purposeful direction test in tort action filed in Idaho by plaintiffs domiciled in Louisiana and Indiana who alleged injuries that occurred in Indiana).

The alleged acts giving rise to Plaintiff's tort claims occurred in Ibiza. Compl. ¶¶ 13-14. Indeed, for nearly the entire month of June 2022—the time period Plaintiff alleges the harassment occurred, *see* Compl. ¶¶ 13-14—Ms. Pete was in Europe on tour, so there is no possibility any of the alleged harassment occurred in California, or anywhere within the entire United States. *See* Ex. 5 (noting tour dates from June 8-30, 2022 in Barcelona, Spain; Manchester, United Kingdom; Somerset, England; Sandvika, Norway; and Roskilde, Denmark). Further, the brunt of any purported harm to Plaintiff—to the extent it even exists (it does not)—was suffered in either Ibiza or his home state of Texas, not California. *See Calder*, 465 U.S. 789-90.

Put simply, Plaintiff's tort claims against Ms. Pete have no relationship whatsoever to California: Plaintiff is not a California resident, the alleged injuries occurred outside of California, and even assuming Plaintiff was injured, his alleged harm was felt in his home state of Texas or Ibiza, where the brunt of purported harm was felt. *See Davis*, 71 F.4th at 1159 (holding district court could not exercise personal jurisdiction "[b]ecause this case involves an out-of-state accident, out-of-state plaintiffs, and an out-of-state defendant with no minimum contacts with the state"). Plaintiff's "lack of forum-state harm is dispositive", and the Court "need not address the other elements of the purposeful direction test." *Id*. at 1163. Accordingly, Ms. Pete is not subject to specific jurisdiction regarding Plaintiff's workplace harassment claims and her Motion should be granted.

### 2. Ms. Pete Did Not Purposefully Avail Herself of the Privileges and Benefits of California

"A purposeful availment analysis is most often used in suits sounding in contract." *Schwarzenegger*, 374 F.3d at 802. This analysis determines whether a nonresident defendant "purposefully avails itself of the privilege of conducting

activities within the forum State, thus invoking the benefits and protections of its laws." *Id*.  In making this determination, courts "consider prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Picot*, 780 F.3d at 1212 (citing *Burger King*, 471 U.S. at 479).  At bottom, a court's exercise of jurisdiction must be linked to a defendant's own affiliation with the forum state, not based on "random, fortuitous, or attenuated" contacts the defendant has due to her interactions with the plaintiff.  *See Walden*, 571 U.S. at 286 (2014) (quoting *Burger King*, 471 U.S. at 475).  Only where a defendant creates a "substantial connection with the forum state", such that he "deliberately has engaged in significant activities within a State" or "has created continuing obligations between himself and residents of the forum" will purposeful availment apply. *Burger King*, 471 U.S. at 475-76.

Here, Plaintiff's remaining claims include violations of various California Labor Code statutes for wage, hour, meal, and rest period penalties, as well as misclassification as an independent contractor and retaliation. *See* Compl. ¶¶ 67-175. Because these claims arise from Plaintiff's independent contractor contract with Ms. Pete and HGT, the purposeful availment test applies. Ex. 1; *see Schwarzenegger*, 374 F.3d at 802; *see also Voris v. Lampert*, 7 Cal. 5th 1141, 1144-45 (2019) (holding nonpayment of wages claim, although cognizable under contract-based remedy, was not cognizable as a tort remedy).  For the reasons discussed below, none of the purposeful availment factors subject Ms. Pete to specific jurisdiction in California.

(a)    <u>Prior Contract Negotiations Occurred in Texas and New York</u>

Plaintiff's domicile is Texas.  Exs. 2-4.  Ms. Pete's domicile is Florida. Henderson Decl. ¶ 4.  Because neither party is a California resident, none of the Agreement's negotiations occurred in California.  *Id*. ¶ 5.  Additionally, the Agreement states that it "shall be deemed to have been made in the State of New

York", further distancing the parties from California.  Ex. 1 at Paragraph 10.
Accordingly, this factor weighs against purposeful availment.

                (b)    The Terms of the Contract Have No Relation to California

None of the Agreement's terms invoke the laws of California.  By the clear,
express terms of the Agreement, New York law exclusively governs Plaintiff's
independent contractor engagement with Ms. Pete and HGT.  Ex. 1 at Paragraph 10
(the Agreement "shall be governed by the laws and judicial decisions of the State of
New York (other than its conflict of laws rules) applicable to agreements made in and
to be performed in the State of New York."); *see also Davis*, 71 F.4th at 1164 (holding
no purposeful availment in Idaho where New York law governed the enforcement and
interpretation of the parties' contract).  The Agreement also provides New York
federal and state courts with the "exclusive jurisdiction" to decide claims related to
the contract.  Ex. 1 at Paragraph 10; *see also Atl. Marine Const. Co. v. U.S. Dist. Ct.
for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) ("[A] valid forum-selection clause
[should be] given controlling weight in all but the most exceptional cases.").  The
Agreement never mentions California within its four corners.  As such, this factor
does not support a finding of purposeful availment.

                (c)    The Contract Does Not Contemplate Future Consequences
                         in California

"Under this factor, parties who reach out beyond one state and create
continuing relationships and obligations with citizens of another state are subject to
regulation and sanctions in the other State for the consequences of their activities."
*Sweeney v. Carter*, 2021 WL 4776064, at *5 (C.D. Cal. Oct. 12, 2021) (granting
motion to dismiss for lack of personal jurisdiction).  But when Ms. Pete entered into
the Agreement with Plaintiff, she did not reach out to a citizen of California or create
a continuing relationship with California *because Plaintiff is a Texas citizen with no
relation to California.  See* Exs. 2-4.  Moreover, the Agreement does not identify

California as the contract's place of performance.  *See, generally,* Ex. 1.  This factor, too, weighs against purposeful availment.

> (d)  The Parties' Course of Dealing Primarily Occurred Outside of California

Plaintiff entered into an independent contractor contract with Ms. Pete and HGT "to provide photography and videography and editing services (including retouching)".  Ex. 1 at Paragraph 1.  As a result of the Agreement, Plaintiff travelled around the world with Ms. Pete, joining her for performances, publicity events, award shows, and marketing opportunities in both national and international cities.  Ex. 5.  Indeed, in 2022, Ms. Pete performed 45 shows worldwide.  *Id*.  Only four of those shows were in California.  *Id*.  As such, the majority of Plaintiff and Ms. Pete's course of dealing under the Agreement occurred outside of California.  Accordingly, this factor weighs against purposeful availment.

In sum, none of the purposeful availment factors provide California a basis to exercise specific jurisdiction over Ms. Pete.  Thus, Ms. Pete's Motion must be granted.

**3.  Plaintiff's Claims Do Not Arise Out Of or Relate To Ms. Pete's California Contacts**

Plaintiff will also be unable to meet his burden to demonstrate his claims "arise[] out of or relate[] to" Ms. Pete's minimal contacts with California, and thus there is no specific jurisdiction over Ms. Pete.  *Davis*, 71 F.4th at 1162.

As previously discussed, Plaintiff failed to allege *any* conduct that demonstrates his claims arise out of or relate to Ms. Pete's specific contacts with California.  The alleged harassment purportedly occurred in Ibiza, Spain, during the European leg of Ms. Pete's 2022 tour.  *See* Compl. ¶¶ 13-14; Ex. 5.  So this alleged harassment not only did not occur in California, it did not even occur in the *entire United States*.  There is thus no possibility Plaintiff's tort claims arise out of or relate to Ms. Pete's specific contacts in California.

Further, Plaintiff never alleged in his Complaint that his misclassification, retaliation, wage, and hour claims arise out of or relate to assignments he performed with Ms. Pete in California pursuant to the Agreement.  *See* Compl. ¶¶ 18-41; *see Walden*, 571 U.S. 284 (specific jurisdiction considers "the relationship among the defendant, the forum, and the litigation.").  Plaintiff's Complaint makes no distinction and instead is full of conclusory allegations and rote legal conclusions that are insufficient to demonstrate Ms. Pete is subject to personal jurisdiction *in California* due to her *specific California contacts*.  *See* Compl. ¶¶ 18-41; *see also Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (affirming dismissal for lack of personal jurisdiction because "legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden.").  At bottom, "Plaintiff's barebones pleading lacks even the most basic showing on these elements." *Licea v. Caraway Home Inc.*, 655 F. Supp. 3d 954, 970 (C.D. Cal. 2023) (granting motion to dismiss for lack of jurisdiction where Plaintiff failed to allege "if, or how, [defendant] aimed any of its business at California" and alleged "no connection between Defendant's forum-related contacts and the harm he suffered").  Accordingly, Plaintiff failed to demonstrate that his claims arise out of or relate to Ms. Pete's contacts with California.

### 4.   The Due Process Reasonableness Factors Weigh Against Jurisdiction in California

Even assuming Plaintiff satisfies the first two prongs of the specific jurisdiction analysis (he cannot), the exercise of personal jurisdiction for Ms. Pete in California would not "comport with fair play and substantial justice." *Davis*, 71 F.4th at 1162. To determine this, courts analyze (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest

in convenient and effective relief; and (7) the existence of an alternative forum.  *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1488 (9th Cir. 1993).  These factors demonstrate that exercising jurisdiction against Ms. Pete in California would be unreasonable.

First, Ms. Pete has not purposefully interjected herself into California's affairs.  Although Ms. Pete has travelled to California for one-off performances and marketing opportunities, "the *degree* of interjection is a factor in assessing the overall reasonableness of jurisdiction under [this prong]."  *Core-Vent Corp.*, 11 F.3d at 1488 (emphasis added).  Here, none of Plaintiff's allegations arise from or relate to any of Ms. Pete's specific contacts with California.  *See* Compl. ¶¶ 13-14 (alleging conduct in Ibiza, Spain); *id*. ¶¶ 18-41 (failing to allege misclassification, wage and hour violations arose from work completed in California).  Further, California was one of many other states and countries where Plaintiff performed his obligations under the Agreement, and thus California represents only a small fraction of Plaintiff's overall independent contractor engagement with Ms. Pete.  *See* Ex. 5 (noting in 2022, Ms. Pete only performed 4 of her 45 tour dates in California).  In other words, the degree of any contact Ms. Pete had with California as it relates to Plaintiff's claims was "random", "fortuitous", or "attenuated", *Burger King*, 471 U.S. at 480, and cannot support a finding of reasonableness.

Second, Ms. Pete will be greatly inconvenienced by litigating this action in California.  Ms. Pete is a Florida citizen.  She is currently on a worldwide tour with stops in Dallas, Glasgow, Manchester, Paris, Dublin, London, and many others.  Henderson Decl. ¶ 12.  If this case remains in California, she will not only be required to reschedule her tour dates, but she will also be required to repeatedly fly across the country to participate in hearings, discovery, and a potential trial at her own expense.  *Id*.  Further, Plaintiff and Ms. Pete unequivocally agreed to litigate claims related to the Agreement in New York, a forum much more convenient for Ms. Pete to defend

her case because it is geographically closer to her home state.  Ex. 1 at Paragraph 10; Henderson Decl. ¶ 4.

Third and fourth, California has no interest in adjudicating this action and its importance to Plaintiff's interest in convenient and effective relief is nonexistent. "Litigating in one's home forum is obviously most convenient." *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004).  Here, Plaintiff's home forum is Texas.  Ex. 2-4.  The events giving rise to his claims occurred outside of California, and to the extent Plaintiff was harmed (if at all), that harm was experienced in Texas or Ibiza.  In sum, California plays no part in this litigation.

Fifth, the most efficient judicial resolution of Plaintiff's case will be in New York, not California.  This factor focuses on "where the witnesses and the evidence are likely to be located."  *Core-Vent Corp.*, 11 F.3d at 1489.  Here, all of the non-party witnesses are based in New York or reside closer to New York than California. For example, it is likely Plaintiff will seek to depose sham Defendant Roc Nation LLC's New York office employees such as the Chief Financial Officer Sean Mulvehill, who is a New York citizen, and Chief Executive Officer Desiree Perez, who resides in New Jersey, both of whom are subject to the Southern District of New York's subpoena power.   Declaration of Jordan W. Siev ("Siev Decl.) ¶¶ 4-5. Additional witnesses in New York are Ms. Pete's accountants at Rockefeller Capital Management, such as Isabelle Kuzmich, Jason McMillen and Alexandra Sidoti, who reside in New York and are subject to the Southern District of New York's subpoena power.  Henderson Decl. ¶ 13.  Tom Lang, Ms. Pete's security guard who was present for several interactions between Plaintiff and Ms. Pete, is also based in New York and subject to the court's subpoena power.  *Id.*  Another witness may be Akil McCoy, the makeup artist Plaintiff purports to have confided in but who has not supported his

allegations. Compl. ¶ 15. Mr. McCoy lists Atlanta, Georgia as his business address.[2] Although Mr. McCoy is not subject to the subpoena powers of New York (or California), there is no evidence that Mr. McCoy would be unwilling to testify in New York, and New York is geographically closer to Mr. McCoy than California, limiting the inconvenience of travel to him. Other potential witnesses include Travis Farris and Jalea Mitchell, Ms. Pete's friends who were present for her interactions with Plaintiff. Henderson Decl. ¶ 13. Both Mr. Farris and Ms. Mitchell live in Texas and will cooperate with discovery efforts in New York. *Id.* In sum, New York is a more convenient location for the non-party witnesses.

Sixth, there is no conflict in sovereignty between California and Ms. Pete's forum state of Florida. "This factor is not particularly salient in a dispute between U.S. citizens." *Komaiko v. Baker Techs., Inc.*, 2020 WL 1915884, at *9 (N.D. Cal. Apr. 20, 2020); *see also Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988) ("[L]itigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist."). Here, both Plaintiff and Ms. Pete are U.S. citizens, so this factor is neutral.

Finally, Plaintiff bears the burden of proving the unavailability of an alternative forum. *Core-Vent, Corp.*, 11 F.3d at 1490. Plaintiff will be unable to satisfy his burden because New York is available to adjudicate his claims.

Considered together, even assuming Plaintiff satisfies the first two prongs of the purposeful availment analysis (he cannot), the reasonableness factors weigh heavily against specific jurisdiction for Ms. Pete.

---

[2] *See* Akil McCoy, *Contact Us*, https://akilaface.com/pages/contact-us (last visited June 25, 2024).

## V.   <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant the motion and dismiss Ms. Pete from this action.

Respectfully submitted,

Dated:  June 25, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _____

Mari F. Henderson (Bar No. 307693)
marihenderson@quinnemanuel.com
Janet Shamilian (Bar No. 329695)
janetshamilian@quinnemanuel.com
Julian T. Schoen (Bar No. 344202)
julianschoen@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Alex Spiro (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849 7000

*Counsel for Megan Thee Stallion, Megan Thee Stallion Entertainment, Inc. and Hot Girl Touring, LLC*

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Megan Thee Stallion, Hot Girl Touring, LLC and Megan Thee Stallion Entertainment, Inc., certifies that this brief contains 4,978 words, which complies with the word limit of L.R. 11-6.1.

Executed on June 25, 2024 in Los Angeles, California.

_____

Mari F. Henderson