**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Mari F. Henderson (Bar No. 307693)
marihenderson@quinnemanuel.com
Janet Shamilian (Bar No. 329695)
janetshamilian@quinnemanuel.com
Julian T. Schoen (Bar No. 344202)
julianschoen@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849 7000

*Attorneys for Megan Thee Stallion, Megan Thee Stallion Entertainment, Inc., and Hot Girl Touring, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO GARCIA, an Individual, <br><br> Plaintiff, <br><br> v. <br><br> ROC NATION LLC, a Delaware business organization; HOT GIRL TOURING, LLC, a Delaware Business Organization; MEGAN THEE STALLION ENTERTAINMENT, INC., a Delaware Business Organization; MEGAN THEE STALLION, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:24-cv-04448-HDV-SSC <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** <br><br> Hearing Date:   August 22, 2024 <br> Time:   10:00 A.M. <br> Judge:   Hon. Hernán D. Vera <br> Courtroom:   5B |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF EMILIO GARCIA AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 22, 2024, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Hernán D. Vera (Courtroom 5B) of the above entitled Court, located at 350 West 1st Street, Los Angeles, CA 90012-4565, Defendants Megan Thee Stallion (Megan Pete), Hot Girl Touring, LLC, and Megan Thee Stallion Entertainment, Inc. will appear and move this Court for an order transferring the above-captioned matter to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) on the grounds that transfer is warranted both for the convenience of the parties and witnesses and in the interest of justice.

The Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 28, 2024. Plaintiff's counsel indicated they are opposed to the relief requested in this Motion.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declarations of Mari F. Henderson and Jordan W. Siev, the argument of counsel, all of the pleadings and other papers on file in this action, including Ms. Pete's simultaneously filed Motion to Dismiss for Lack of Personal Jurisdiction, and such other matters as may be presented at the hearing on this Motion or prior to the Court's decision.

//
//
//
//
//
//
//

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: _____

Mari F. Henderson (Bar No. 307693)
marihenderson@quinnemanuel.com
Janet Shamilian (Bar No. 329695)
janetshamilian@quinnemanuel.com
Julian T. Schoen (Bar No. 344202)
julianschoen@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Alex Spiro (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849 7000

*Counsel for Megan Thee Stallion, Megan
Thee Stallion Entertainment, Inc., and
Hot Girl Touring, LLC*

# **TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ................................................................. 1

II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY ........... 2

III.  LEGAL STANDARD ............................................................................ 4

IV.   ARGUMENT ......................................................................................... 6

    A.   The Forum Selection Clause Is Valid, Enforceable, and
        Controlling ................................................................................... 6

    B.   The Presence of a Valid and Controlling Forum Selection Clause
        Warrants Transfer ........................................................................ 6

        1.   All Parties Consent to Transfer to the Southern District of
            New York ............................................................................ 6

        2.   The Public Interest Factors Favor Transfer ................................. 7

            (a)   California Has No Local Interest In Resolving This
                Case .......................................................................... 7

            (b)   New York Is The Forum Most Familiar With The
                Relevant Law............................................................ 8

            (c)   Court Congestion Factor Is Neutral ................................. 9

        3.   The Private Interest Factors Favor Transfer ............................. 10

            (a)   Plaintiff's Choice of Forum Is Afforded Little To
                No Weight ................................................................ 10

            (b)   The Parties' Contacts with California Are *De
                Minimis*, Favoring Transfer.................................... 11

            (c)   The Parties Negotiated the Agreement Outside of
                California.................................................................. 12

            (d)   New York Is A More Convenient Forum For The
                Witnesses.................................................................. 12

V.    CONCLUSION ................................................................................... 14

CERTIFICATE OF COMPLIANCE ........................................................... 16

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>Cases</u>

*Aimone v. Investorflow LLC*,
    2023 WL 3483287 (N.D. Cal. May 15, 2023) ..................................................8, 9

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*,
    666 F. Supp. 2d 1109 (C.D. Cal. 2009) ................................................................ 12

*Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*,
    2006 WL 2868971 (N.D. Cal. Oct. 6, 2006) ........................................................ 12

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
    571 U.S. 49 (2013) ........................................................................4, 5, 7, 10

*In re Barker*,
    839 F.3d 1189 (9th Cir. 2016) ................................................................................7

*Brackett v. Hilton Hotels Corp.*,
    619 F. Supp. 2d 820 (N.D. Cal. 2008) ................................................................. 12

*Burger King Corp. v. Radzewicz*,
    471 U.S. 462 (1985) ................................................................................................6

*Carijano v. Occidental Petroleum Corp.*,
    643 F.3d 1216 (9th Cir. 2011) ................................................................................7

*Doe 1 v. AOL LLC*,
    552 F.3d 1077 (9th Cir. 2009) ................................................................................6

*Fontaine v. Wash. Mut. Bank, Inc.*,
    2009 WL 1202886 (C.D. Cal. Apr. 30, 2009) ..................................................... 12

*Heinz v. Amazon.com, Inc.*,
    2023 WL 4466904 (E.D. Cal. July 11, 2023) ........................................................8

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
    485 F.3d 450 (9th Cir. 2007) ................................................................................6

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) .............................................................................. 11

-iv-

*Kiland v. Bos. Sci. Corp.*,
    2011 WL 1261130 (N.D. Cal. Apr. 1, 2011)..........................................................5

*Lather, Inc. v. Gilchrist & Soames, Inc.*,
    2020 WL 1140760 (C.D. Cal. Mar. 9, 2020) ......................................................12

*Lou v. Belzberg*,
    834 F.2d 730 (9th Cir. 1987) ..............................................................................11

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972) ................................................................................................5

*Manetti–Farrow, Inc. v. Gucci America, Inc.*,
    858 F.2d 509 (9th Cir. 1988) ................................................................................5

*Maxon v. Jefferson Pilot Sec. Corp.*,
    2002 WL 523575 (N.D. Cal. Apr. 2, 2002)..........................................................12

*Mayhem Crude, Inc. v. Borrelli Walsh Pte. Ltd.*,
    445 F. Supp. 3d 337 (N.D. Cal. 2020)..................................................................7

*Murphy v. Schneider Nat'l Inc.*,
    362 F.3d 1133 (9th Cir. 2004) ..............................................................................5

*In re Nissan N. Am., Inc. Litig.*,
    2019 WL 4601557 (N.D. Cal. Sept. 23, 2019)....................................................11

*Oliver v. Lyft, Inc.*,
    2019 WL 2342263 (N.D. Cal. June 3, 2019) ......................................................10

*Papasan v. Dometic Corp.*,
    2018 WL 1367341 (N.D. Cal. Mar. 16, 2018) ....................................................10

*Petersen v. Boeing Co.*,
    715 F.3d 276 (9th Cir. 2013) ................................................................................5

*Rabinowitz v. Samsung Elecs. Am., Inc.*,
    2014 WL 5422576 (N.D. Cal. Oct. 10, 2014) ......................................................9

*Ridgway v. Phillips*,
    383 F. Supp. 3d 938 (N.D. Cal. 2019)..................................................................7

*Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*,
    549 U.S. 422 (2007) ..........................................................................................10

*STX, Inc. v. Trik Stik, Inc.*,
    708 F. Supp. 1551 (N.D. Cal. 1988) ................................................................. 12

## **Statutes**

28 U.S.C. § 1404(a) ...........................................................................4, 5, 6, 10

Fair Employment and Housing Act ...........................................................................4

## **Other Authorities**

Fed. R. Civ. P. 45(b)(2) ................................................................................ 12

Akil McCoy, *Contact Us*, https://akilaface.com/pages/contact-us (last
    visited June 24, 2024)............................................................................ 13

UNITED STATES COURTS,
    *Civil Cases Commenced, Terminated, and Pending During the 12-
    Month Periods Ending December 31, 2022 and 2023*,
    https://www.uscourts.gov/statistics/table/c/statistical-tables-federal-
    judiciary/2023/12/31 (last visited June 25, 2024) ................................................. 9

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA,
    *Judge's Procedures and Schedules*,
    https://www.cacd.uscourts.gov/judges-schedules-procedures (last
    visited June 25, 2024)........................................................................... 10

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK,
    *District Judges*, https://nysd.uscourts.gov/judges/district-judges (last
    visited June 25, 2024)........................................................................... 10

1

## I.   **PRELIMINARY STATEMENT**

2   This case has absolutely no business being in California.  Plaintiff Emilio

3   "Coochie" Garcia ("Plaintiff") is a citizen of Texas who signed an independent

4   contractor contract with Defendant Hot Girl Touring, LLC—a Florida citizen—that

5   contained a valid forum selection clause providing New York courts with exclusive

6   jurisdiction over all claims related to the contract (the "Agreement").

7   Notwithstanding the plain language of the Agreement, the forum selection clause, and

8   Plaintiff's lack of connection to California, Plaintiff filed a legally and factually

9   frivolous complaint in California state court alleging unfounded salacious claims for

10   workplace harassment, misclassification, and wage and hour violations under

11   California law.

12   Transfer is appropriate here for several reasons.  *First*, the forum selection

13   clause is presumptively valid, and it is Plaintiff's "heavy burden" to demonstrate

14   otherwise.  Plaintiff will be unable to meet his burden.

15   *Second*, the public interest factors favor transfer.  California has no local

16   interest in this matter because Plaintiff is not a California citizen and the conduct

17   underlying his Complaint occurred outside of California.  Further, federal courts are

18   well equipped at litigating state law claims regardless of the forum where the court

19   sits.

20   *Third*, even though the Court need not consider the private interest factors

21   because the Agreement contains a valid forum selection clause, these factors also

22   favor transfer because Plaintiff is not a California citizen, the parties have no relevant

23   contacts with California, the Agreement was negotiated and executed outside of

24   California, and the Southern District of New York is more convenient to the

25   witnesses.

26   Under the clear terms of the Agreement, Plaintiff should have filed his action

27   in the Southern District of New York.  But Plaintiff ignored the Agreement because

28   it is fatal to his case.  The Agreement makes clear his status as an independent

4

contractor, not an employee as he alleges in his complaint.  It also shows the persons/entities who contracted to work with him were Megan Thee Stallion and her companies, Hot Girl Touring, LLC and Megan Thee Stallion Entertainment, Inc.,  and that he never worked for Roc Nation, LLC, as he falsely alleged in his Complaint. Additionally, the Agreement's forum selection clause provides for the application of New York law, meaning Plaintiff cannot invoke California's workplace harassment and "gig worker law" as he attempts to do in his Complaint, notwithstanding his alleged harassment occurred in Ibiza, Spain, and he performed the majority of his work outside California.

Plaintiff wants to pretend the Agreement—which was negotiated and bargained for by Plaintiff—does not exist because he knows it is detrimental to his case.  He did not even share the Agreement with his own counsel prior to initiating the instant lawsuit—it was defense counsel who first brought the contract to Plaintiff's counsel attention when requesting they dismiss and refile the case.  Declaration of Mari Henderson ¶ 13.  As a result, Defendants were forced to bring this motion requesting the Court transfer the case to the Southern District of New York as the parties' Agreement requires.  Accordingly, the Court should grant the motion and transfer this action to the Southern District of New York pursuant to the parties' forum selection clause.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 1, 2020, Plaintiff entered into an independent contractor relationship with Hot Girl Touring, LLC ("HGT") to perform photography and video recording services for Defendant Megan Thee Stallion, real name Megan Pete (the "Agreement").   Declaration of Mari Henderson ("Henderson Decl.") Ex. 1 at Paragraph 1.[1]   The Agreement expressly engaged Plaintiff as an independent

---

[1]  All Exhibits referenced herein are exhibits to the June 25, 2024 Declaration of Mari F. Henderson.

contractor.  *Id*.  The Agreement also contained a valid forum selection clause that provides the "state and Federal courts located in New York County, New York shall have ***exclusive jurisdiction*** over any dispute between the parties related to this Agreement."  *Id*. at Paragraph 10 (the "Forum Selection Clause") (emphasis added).  The Forum Selection Clause also stated that the Agreement "shall be deemed to have been made in the State of New York and ***its validity, construction, breach, performance and operation shall be governed by the laws and judicial decisions of the State of New York*** (other than its conflict of law rules) applicable to agreements made in and to be performed in the State of New York."  *Id*. (emphasis added).  The Forum Selection Clause further affirmed that "each party hereby ***submits to the jurisdiction, and agrees not to contest the venue, of such courts***."  *Id*. (emphasis added).

Throughout his tenure as an independent contractor and through today, Plaintiff was and is a citizen of Texas.  Plaintiff's permanent address is in Texas.  Ex. 2.  He is currently registered to vote in Texas, Ex. 3, and recently registered a limited liability company in Texas using his Texas taxpayer identification number.  Ex. 4.  His bank accounts also use a Texas routing Number.  Ex. 2.  In 2022 and 2023, HGT issued Plaintiff a 1099 tax form to his Texas address.  Exs. 5-6.  Garcia never objected or claimed he received the 1099s in error, or from the wrong issuer.  Nor did Garcia request a W-2 be issued instead.

Although Plaintiff was and is a citizen of Texas, he traveled with Ms. Pete around the world during his tenure with HGT.  Plaintiff performed his obligations under the Agreement in cities like New York, Miami, Tokyo, Osaka, Barcelona, Rio de Janeiro, and others.  Indeed, between March 5 and December 4, 2022, Ms. Pete performed 45 shows in countries like Belgium, Brazil, Ireland, Portugal, Australia, and England.  Ex. 7.  Only four of Ms. Pete's 2022 tour dates were even in California.  *Id*.  Because Plaintiff performed his independent contractor services in various locations throughout the world and not in a single forum, Plaintiff and Ms. Pete agreed

to simplify their engagement by setting New York as the exclusive jurisdiction to hear potential claims related to the Agreement. Even the false allegations Plaintiff makes in his Complaint stem from work he purportedly performed in Ibiza, Spain. Dkt. 1-1, Ex. 1 ("Compl.") ¶¶ 13-14. Plaintiff concedes that any purported harassment occurred outside of California. *Id*.

On April 23, 2024, Plaintiff filed a complaint in California state court against Defendants alleging workplace harassment under the Fair Employment and Housing Act ("FEHA"), misclassification, and various wage and hour claims under California state law (the "State Action"). *See generally*, Compl. By doing this, Plaintiff ignored and contravened the express language of the Agreement and the Forum Selection Clause. Plaintiff's intention was to improperly invoke California state law and stir up media attention to tarnish Ms. Pete's career and bolster his own amateur artist aspirations. On May 6, 2024, counsel for Ms. Pete, HGT and MTS Ent. sent a letter to Plaintiff's counsel requesting Plaintiff to dismiss the case in Los Angeles Superior Court, as required by the Agreement. Ex. 8. The letter asked Plaintiff to respond by May 27, 2024. *Id*. Plaintiff's never responded. *Id*.; Henderson Decl. ¶ 12. On May 28, 2024, the parties met and conferred regarding the substance of the present motion, and Plaintiff's counsel indicated they are opposed to the relief requested in this Motion. Ex. 9; Henderson Decl. ¶¶ 13-14. On May 29, 2024, Defendants HGT and Megan Thee Stallion Entertainment, Inc. ("MTS Ent.") timely removed the State Action to this Court on the basis of diversity jurisdiction. Dkt. 1.

## III.   **LEGAL STANDARD**

Any party may move for a convenience transfer under 28 U.S.C. § 1404(a), which authorizes district courts to "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if such transfer would be in "the interest of justice" and the "convenience of the parties and witnesses".

"[A] proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59-60 (2013). As such, courts disregard factors normally considered on a motion to transfer when the parties agreed to a valid forum selection clause. "First, the plaintiff's choice of forum merits no weight"; instead, "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*. at 63. "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id*. at 64. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id*. "As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id*. (citation omitted). Such public factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*. at 63 n.6.

In evaluating a motion to transfer venue based upon a forum selection clause, the court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004). "The non-moving party's pleadings need not be accepted as true, however, and [the court] may consider facts outside the pleadings." *Petersen v. Boeing Co.*, 715 F.3d 276, 279 (9th Cir. 2013).

## IV.   ARGUMENT

### A.   The Forum Selection Clause Is Valid, Enforceable, and Controlling

"The enforceability of forum selection clauses is governed by federal law," *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013), and determined "without regard to any choice of law provision in the subject agreement." *Kiland v. Bos. Sci. Corp.*, 2011 WL 1261130, at *4 (N.D. Cal. Apr. 1, 2011) (citing *Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988)).   Forum selection clauses are prima facie valid "unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).   "[T]he party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which we will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009).   As such, Plaintiff must demonstrate that the Forum Selection Clause is unenforceable because (1) its inclusion in the agreement was the product of fraud or overreach; (2) he would effectively be deprived of his day in court were the clause enforced; and (3) enforcement would contravene a strong California public policy.   *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007).   Plaintiff here will be unable to overcome his heavy burden to demonstrate that the Forum Selection Clause is invalid or otherwise not controlling, and thus the framework of *Atlantic Marine Construction Company, Inc.* applies.

### B.   The Presence of a Valid and Controlling Forum Selection Clause Warrants Transfer

#### 1.   All Parties Consent to Transfer to the Southern District of New York

The prerequisite for transfer is met because all parties consent to transfer to the Southern District of New York.   28 U.S.C. § 1404(a).   It is well settled that parties to a contract may consent to the jurisdiction of a particular court through the use of a forum-selection clause.   *See Burger King Corp. v. Radzewicz*, 471 U.S. 462, 472 n.14

(1985).  The Forum Selection Clause represents the consent of both Plaintiff and Ms. Pete (on behalf of HGT) to the "exclusive jurisdiction" of the "Federal courts located in New York County, New York", which resides within the Southern District of New York.  Ex. 1 at Paragraph 10.  As such, Plaintiff consented to transfer.  Further, the remaining Defendants—Roc Nation, LLC ("Roc Nation"), MTS Ent., and Ms. Pete— all consent to the jurisdiction of the Southern District of New York.  Henderson Decl. ¶¶ 10-11; Declaration of Jordan W. Siev ("Siev Decl.") ¶ 3.

Conversely, none of the Defendants consented to jurisdiction in the Central District of California.  Indeed, Ms. Pete currently is moving to dismiss for lack of personal jurisdiction.  Given the jurisdictional issues of litigating this action in California, it is only logical to transfer this action to the Southern District of New York, where all parties consent to its exclusive jurisdiction.

## 2.   The Public Interest Factors Favor Transfer

The presence of a valid forum selection clause requires this Court not "consider arguments about the parties' private interests", but rather "consider arguments about public-interest factors only." *Atl. Marine Const. Co.*, 571 U.S. at 63.  These factors "will rarely defeat a transfer motion."  *Id*.  For the following reasons, transfer is appropriate here.

### (a)   California Has No Local Interest In Resolving This Case

"[T]he local interest factor weighs in favor of a California forum where a California plaintiff is suing a California defendant over conduct that took place in the state." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1233 (9th Cir. 2011); *see Ridgway v. Phillips*, 383 F. Supp. 3d 938, 948 (N.D. Cal. 2019) (California "has an interest in resolving disputes regarding California residents and transactions allegedly made in California and likely to be governed by California law.").  None of California's local interests are implicated here.

Plaintiff is not a California resident; he is a resident of Texas.  His permanent address and bank accounts are located in Texas.  Ex. 2.  He is currently registered to

vote in Texas.  Ex. 3.  He has a Texas taxpayer number and recently registered a limited liability company in Texas.  Ex. 4.  And Plaintiff's 1099 tax statements with HGT were sent to his Texas address.  Exs. 5-6; *see Mayhem Crude, Inc. v. Borrelli Walsh Pte. Ltd.*, 445 F. Supp. 3d 337, 345 (N.D. Cal. 2020) (granting forum non conveniens motion where California had a *de minimis* interest because none of the parties were California residents and only connection to California was redelivery of a merchant vessel).

Further, the alleged conduct giving rise to Plaintiff's claims all occurred outside California.  Plaintiff admits his workplace harassment claims arise from alleged conduct in Spain.  Compl. ¶¶ 13-14; *see In re Barker*, 839 F.3d 1189, 1195 (9th Cir. 2016) ("Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.").  His misclassification and wage and hour claims likewise arise from independent contractor obligations Plaintiff performed in locations around the world while touring with Ms. Pete, with only four tour stops in California in 2022, none of which are central to Plaintiff's claims.  Ex. 7.  There is thus no California local interest at issue in this case because Plaintiff is neither a California resident nor did the alleged events giving rise to his Complaint occur in California.  This factor favors transfer pursuant to the parties' Forum Selection Clause.  *See Aimone v. Investorflow LLC*, 2023 WL 3483287, at *6 (N.D. Cal. May 15, 2023) (granting motion to transfer where plaintiff was "not a 'California plaintiff'; he lived and worked in Ohio throughout his employment", and parties disputed whether relevant conduct occurred in California).

(b)  New York Is The Forum Most Familiar With The Relevant Law

Plaintiff alleges causes of action under California law.  Compl. ¶¶ 42-175. Although California federal courts are generally more familiar with California state law, California law does not apply to this action—the Forum Selection Clause clearly mandates that New York law governs any action related to the Agreement.  Ex. 1 at

Paragraph 10.  Plaintiff disregarded this provision when he filed his Complaint in California state court alleging exclusively California state law claims. Notwithstanding Plaintiff's pleading gymnastics, New York law governs this case, and thus the Southern District of New York would be more familiar with the governing law in this action.  *See Heinz v. Amazon.com, Inc.*, 2023 WL 4466904, at *5 (E.D. Cal. July 11, 2023) (granting motion to transfer to Washington where, despite plaintiff alleging California state law claims, forum selection clause mandated Washington law and "the Western District of Washington would be more familiar with the governing law.").

Even assuming California law applies to this action (it does not), "[d]istrict courts regularly apply the law of states other than the forum state, thus this factor is to be accorded little weight because federal courts are deemed capable of applying the substantive law of other states".  *Rabinowitz v. Samsung Elecs. Am., Inc.*, 2014 WL 5422576, at *7 (N.D. Cal. Oct. 10, 2014) (granting motion to transfer) (citations omitted and cleaned up); *Aimone*, 2023 WL 3483287, at *6 ("While this court may be more familiar with the law governing [plaintiff's state law] claims, there is nothing to indicate that the Southern District of New York will be unable to competently apply California law as needed, a task which federal courts are routinely required to perform.").  Accordingly, this factor weighs in favor of transfer.

(c)    Court Congestion Factor Is Neutral

Both the Central District of California and the Southern District of New York suffer from court congestion, so this factor is neutral.  For instance, as of December 31, 2023, the Central District of California had 10,610 pending civil cases, an increase of 2.5% from the prior year.[2]  Similarly, the Southern District of New York had 13,318

---

[2]  *See Civil Cases Commenced, Terminated, and Pending During the 12-Month Periods Ending December 31, 2022 and 2023*, UNITED STATES COURTS https://www.uscourts.gov/statistics/table/c/statistical-tables-federal-judiciary/2023/12/31 (last visited June 25, 2024).

pending civil cases, an increase of 4.8%. *Id*.  While the Southern District of New York may have more pending cases, the Central District of California experienced an increase of 13.9% (13,848 to 15,767) in civil cases filed from 2022-23, meaning it manages a larger docket compared to the Southern District of New York. *Id*. (noting the Southern District of New York experienced only a 2.7% increase in case filings during the same period, totaling 11,676).  The Southern District of New York also has more judges (47) than the Central District of California (36).[3]  Because both district courts are congested by large caseloads, this factor is neutral.

In sum, this is not one of the "unusual cases" where the public interest factors defeat a transfer motion. *Atl. Marine Const. Co.,* 571 U.S. at 64.  Accordingly, the Court should grant the motion and transfer this case.

### 3.     The Private Interest Factors Favor Transfer

The Supreme Court mandates that when, as here, parties agree to a valid forum selection clause, a court "should not consider arguments about the parties' private interests." *Id*.  But even if the Court finds the Forum Selection Clause invalid (it is not), the private interest factors still favor transfer.

(a)     <u>Plaintiff's Choice of Forum Is Afforded Little To No Weight</u>

"Ordinarily, a plaintiff's choice of forum weighs heavily against a defendant seeking to transfer under Section 1404(a)." *Oliver v. Lyft, Inc.*, 2019 WL 2342263, at *3 (N.D. Cal. June 3, 2019).  However, when the chosen forum is not the plaintiff's home forum, "the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'"

---

[3]   *Compare District Judges*, UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK, https://nysd.uscourts.gov/judges/district-judges (last visited June 25, 2024), *with Judge's Procedures and Schedules*, UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, https://www.cacd.uscourts.gov/judges-schedules-procedures (last visited June 25, 2024).

*Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007); *see Papasan v. Dometic Corp.*, 2018 WL 1367341, at *2 (N.D. Cal. Mar. 16, 2018) ("[W]here the plaintiff resides outside of the chosen forum, his choice of forum is entitled to less weight.").

Plaintiff is a Texas citizen who resides in Texas.  He has no connection to California: he does not live, work, or own property in California.  As such, Plaintiff's choice of forum is given little to no weight, and this factor favors transfer.  *See In re Nissan N. Am., Inc. Litig.*, 2019 WL 4601557, at *9 (N.D. Cal. Sept. 23, 2019) (granting motion to transfer to Tennessee where nine of ten plaintiffs lived outside California and alleged injuries occurred outside California).

(b)     The Parties' Contacts with California Are *De Minimis*, Favoring Transfer

Amongst the private factors district courts consider on a motion to transfer for convenience are "the respective parties' contacts with the forum" and "the contacts relating to plaintiff's cause of action in the chosen forum".  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  However, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [Plaintiff's] choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  Here, the primary conduct underlying Plaintiff's Complaint occurred in Spain.  Compl. ¶¶ 13-14.  In fact, Plaintiff failed to allege ***any*** misconduct that purportedly occurred in California throughout his entire Complaint.  *See generally,* Compl.  Further, any purported contacts the parties had with California were minimal, at best, and have no relation to Plaintiff's claims.  For instance, during 2022, only four of Ms. Pete's 45 tour dates were in California.  Ex. 7.  None of these tour dates—or any other purported trips to California—serve as the basis for Plaintiff's causes of action.  *See generally,* Compl.  It is thus undisputed the operative facts of Plaintiff's Complaint did not occur in California and California has no interest in the parties or subject matter of this action.

(c)   <u>The Parties Negotiated the Agreement Outside of California</u>

District courts also consider "the location where the relevant agreements were negotiated and executed". *Jones*, 211 F.3d at 498.  Here, Ms. Pete and Plaintiff negotiated the terms of the Agreement outside of California; Ms. Pete did so together with her counsel, located in New York, and Plaintiff was presumably in his home state of Texas.  Henderson Decl. ¶ 3.  There is thus no connection to California, and this factor favors transfer.  *See Maxon v. Jefferson Pilot Sec. Corp.*, 2002 WL 523575, at *2 (N.D. Cal. Apr. 2, 2002) (granting motion to transfer to Massachusetts where "the dispute is centered elsewhere, and the underlying agreement was executed elsewhere").

(d)   <u>New York Is A More Convenient Forum For The Witnesses</u>

"The convenience of the witnesses is often the most important factor in deciding whether a transfer under § 1404 is appropriate." *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1132 (C.D. Cal. 2009).  "In determining whether this factor favors transfer, the Court must consider the location and number of witnesses each side has and the relative importance of those witnesses." *Lather, Inc. v. Gilchrist & Soames, Inc.*, 2020 WL 1140760, at *3 (C.D. Cal. Mar. 9, 2020).  The convenience of witnesses factor also includes "a separate but related concern, the availability of compulsory process to bring unwilling witnesses live before the jury." *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 820, 820 (N.D. Cal. 2008).  "[T]he Court's subpoena power only extends outside of this district if the place of service is 'within 100 miles of the place specified for the deposition, hearing, trial, production or inspection.'" *Fontaine v. Wash. Mut. Bank, Inc.*, 2009 WL 1202886, at *5 (C.D. Cal. Apr. 30, 2009) (citing Fed. R. Civ. P. 45(b)(2)).  "Consequently, the Court accords greater weight to the inconvenience of non-party witnesses because party witnesses can be compelled to testify regardless of the forum

1   in which the case is litigated." *Lather, Inc.*, 2020 WL 1140760, at *3; *see STX, Inc.*

2   *v. Trik Stik, Inc.*, 708 F. Supp. 1551 (N.D. Cal. 1988); *Applied Elastomerics, Inc. v.*

3   *Z-Man Fishing Prods., Inc.*, 2006 WL 2868971, *4 (N.D. Cal. Oct. 6, 2006).

4         Here, the key witnesses are party witnesses Plaintiff and Ms. Pete—Plaintiff

5   identifies Ms. Pete as the primary force behind his false claims of workplace

6   harassment, misclassification, and wage and hour violations.  Compl. ¶¶ 13-41.

7   However, neither Plaintiff nor Ms. Pete reside in California.  Ms. Pete is a Florida

8   citizen, and if this action remains in California, she will be forced to fly across the

9   country and spend considerable time and resources litigating this action and testifying

10  in a state she has no relation to.  Plaintiff would be similarly inconvenienced as a

11  Texas citizen who has no relation to California and no reason for filling this action in

12  California.  Instead, New York provides a neutral ground that the parties agreed would

13  adequately resolve any potential claims related to their Agreement. Ex. 1 at Paragraph

14  10.

15        Further, New York is a more convenient forum for non-party witnesses.  While

16  Roc Nation is a sham defendant that is currently moving to dismiss Plaintiff's action

17  against it, it is nonetheless likely Plaintiff will seek to depose Roc Nation's New York

18  office employees such as the Chief Financial Officer Sean Mulvehill, who is a New

19  York citizen, and Chief Executive Officer Desiree Perez, who resides in New Jersey,

20  both of whom are subject to the Southern District of New York's subpoena power.

21  Siev Decl. ¶¶ 4-5.  Additional witnesses in New York are Ms. Pete's accountants at

22  Rockefeller Capital Management, such as Isabelle Kuzmich, Jason McMillen and

23  Alexandra Sidoti, who  reside in New York and are subject to the Southern District

24  of New York's subpoena power.  Henderson Decl. ¶ 15.  Tom Lang, Ms. Pete's

25  security guard who was present for several interactions between Plaintiff and Ms.

26  Pete, is also based in New York and subject to the court's subpoena power.  *Id.*

27        Another witness may be Akil McCoy, the makeup artist Plaintiff purports to

28  have confided in but who has not supported these false allegations.  Compl. ¶ 15.  Mr.

McCoy lists Atlanta, Georgia as his business address.[4]  Although Mr. McCoy is not subject to the subpoena powers of New York (or California), there is no evidence that Mr. McCoy would be unwilling to testify in New York, and New York is geographically closer to Mr. McCoy than California, limiting the inconvenience of travel to him.

Upon information and belief, Plaintiff contracted with numerous other clients to offer the same independent contractor services during his engagement with Ms. Pete.  Henderson Decl. ¶ 15.  After further discovery is complete, Defendants intend to identify and call these clients as witnesses to disprove Plaintiff's misclassification claims and false allegations that he only worked for Ms. Pete.  Upon information and belief, these clients are citizens of Texas.  *Id.*

Finally, Defendants may depose Travis Farris and Jalea Mitchell, Ms. Pete's friends who were present for her interactions with Plaintiff.  Both Mr. Farris and Ms. Mitchell live in Texas and will cooperate with discovery efforts.  *Id.*

In sum, none of the parties are based in California.  The majority of the remaining non-party witnesses live on the East Coast, either in New York or within a short flight to New York, and the two Texas witnesses are amenable to discovery.  Accordingly, this factor favors transfer.

**V.   CONCLUSION**

For the foregoing reasons, the Court should grant the motion to transfer to the Southern District of New York.

---

[4]  *See* Akil McCoy, *Contact Us*, https://akilaface.com/pages/contact-us (last visited June 25, 2024).

1    Respectfully submitted,

2                                                  QUINN EMANUEL URQUHART &
                                                   SULLIVAN, LLP
3    Dated:  June 25, 2024

4                                   By:
                                           _____
5                                          Mari F. Henderson (Bar No. 307693)
                                           marihenderson@quinnemanuel.com
6                                          Janet Shamilian (Bar No. 329695)
                                           janetshamilian@quinnemanuel.com
7                                          Julian T. Schoen (Bar No. 344202)
                                           julianschoen@quinnemanuel.com
8                                          865 S. Figueroa St., 10th Fl.
                                           Los Angeles, California 90017
9                                          Telephone:   (213) 443-3000
                                           Facsimile:    (213) 443-3100
10
                                           Alex Spiro (*pro hac vice*)
11                                         51 Madison Avenue, 22nd Floor
                                           New York, New York 10010-1601
12                                         (212) 849 7000

13                                         *Counsel for Megan Thee Stallion, Megan
                                           Thee Stallion Entertainment, Inc. and
14                                         Hot Girl Touring, LLC*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF COMPLIANCE</u>

2      The undersigned, counsel of record for Megan Thee Stallion,  Hot Girl Touring,

3   LLC and Megan Thee Stallion Entertainment, Inc., certifies that this brief contains

4   4,646 words, which complies with the word limit of L.R. 11-6.1.

5

6   Executed on June 25, 2024 in Los Angeles, California.

7

8                                                     _____

9                                                              Mari F. Henderson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28