**REED SMITH LLP**
Jordan W. Siev (*pro hac vice*)
jsiev@reedsmith.com
599 Lexington Avenue
New York, New York, 10022
(212) 521-5450

Michael R. Kleinmann (Bar No. 293741)
mkleinmann@reedsmith.com
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071
(213) 457-8000

*Attorneys for Roc Nation, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO GARCIA, an Individual, ,<br><br>Plaintiff,<br><br>v.<br><br>ROC NATION LLC, a Delaware business organization; HOT GIRL TOURING, LLC, a Delaware Business Organization; MEGAN THEE STALLION ENTERTAINMENT, INC., a Delaware Business Organization; MEGAN THEE STALLION, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04448-HDV-SSC<br><br>**DEFENDANT ROC NATION, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)**<br><br>Date: August 22, 2024<br>Time: 10:00 a.m.<br>Courtroom: 5B<br><br>[*Filed concurrently with Motion to Dismiss, Declaration of Michael R. Kleinmann and [Proposed] Order*]<br><br>Compl. Filed: April 23, 2024<br>Removed: May 29, 2024 |

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Roc Nation, LLC ("Roc Nation") hereby requests that the Court take judicial notice of the following:

Plaintiff Emilio Garcia entered into a written independent contractor agreement with Defendant Hot Girl Touring, LLC. A true and correct copy of the independent contractor agreement is attached hereto as **Exhibit 1.** This independent contractor agreement is incorporated by reference in Plaintiff's operative Complaint. *See* Compl. ¶ 18 ("From the inception of his employment, PLAINTIFF GARCIA was misclassified as an Independent Contractor while working as a Personal Cameraman to DEFENDANT STALLION. PLAINTIFF has been treated as independent contractor . . .").

Because Plaintiff's claims are premised on his classification (or alleged misclassification) as an independent contractor, the written contract is incorporated by reference and is thus the proper subject of judicial notice. *See, e.g., Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion  The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'"); *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (noting that the incorporation doctrine permits the court to consider extrinsic documents); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (explaining that a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff 's claim").

Further, the independent contractor agreement is properly subject to judicial notice because the existence of the agreement is crucial to Plaintiff's Complaint, and its accuracy is not in dispute. *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1114-15 (C.D. Cal. 2003) (allowing judicial notice of contracts "that provide the

foundation for plaintiffs' claims."); *see also Springate v. Weighmasters Murphy, Inc. Money Purchase Pension Plan,* 217 F. Supp. 2d 1007, 1013 (C.D. Cal. 2002) ("For purposes of this Motion to Dismiss, this Court takes judicial notice of documents (1) and (2) only because these documents' contents are alleged in the Complaint, and their authenticity is not in question").

Roc Nation has also provided the Court with the necessary information required pursuant to Federal Rule of Evidence 201(c), attached to this Request as **Exhibit 1**. Thus, the Court may properly grant Roc Nation's Request for Judicial Notice.

DATED: June 25, 2024

                                        REED SMITH LLP

                                        By:  /s/ *Michael R. Kleinmann*
                                               Jordan W. Siev
                                               Michael R. Kleinmann
                                               Attorneys for Defendant
                                               ROC NATION, LLC

DEFENDANT ROC NATION, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# EXHIBIT 1

EXHIBIT 1

Hot Girl Touring, LLC<br>
LLC c/o Morrison, Brown, Argiz & Farra<br>
1450 Brickell Avenue, 18th Floor<br>
Miami, FL 33131<br>
Attn: Olga Goldovskaya

Dated as of March 1, 2020

Emilio Rene Garcia, Jr.
1111 Durham Dr #532
Houston, TX 77007

Re:   **Hot Girl Touring, LLC  -w- Emilio Garcia, Jr. // Photography & Videography Agreement**

Dear Emilio:

Hot Girl Touring, LLC ("we", "us", "our"), on the one hand, and Emilio Renee Garcia, Jr. ("you") on the other hand, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby agree as follows:

1.   We hereby engage you, as an independent contractor, to provide photography and videography and editing services (including retouching) ("Services") to be used in any manner or medium, worldwide in perpetuity, including but not limited to in connection with (a) press and publicity; (b) online and social media; and (c) promotional and commercial uses in connection with the upcoming tours or album projects (including use for any promotions, advertising, marketing, merchandise materials in connection therewith) for the recording artist professionally known as "Megan Thee Stallion" ("Artist"). The Term of this agreement shall commence from the date of this agreement ("Agreement") and continue on a monthly basis thereafter. Either party may terminate this agreement upon written notice. Provided that you are not in breach of this Agreement at the time of such termination, you shall be paid for all Services rendered on a pro-rata basis.

2.   The "Materials" shall individually and collectively mean all results and proceeds of your Services hereunder and any materials photographed, recorded, captured, created and/or delivered by you, in whole or in part, as part of your engagement hereunder. You shall delivery all raw files to us on a weekly basis, and further you shall deliver to us any and all other raw files, negatives, edited materials and any other materials captured by you within three (3) days upon our request, and you hereby acknowledge failure to deliver Materials shall constitute a material breach of this Agreement. Further, upon our request, you shall edit and/or retouch or re-deliver any Materials within three (3) days of our request in each instance.

3.   In full consideration for your Services rendered for us (including any Services provided by any other person engaged or selected by you) and all rights acquired by us hereunder, and all exploitation thereof in any manner or medium now known or hereafter devised, we shall pay you

a fee of Five Thousand Five Hundred Dollars (USD $5,500) once a month ("Buyout Fee"). The Buyout Fee shall be paid on the later of: (i) the fifteenth (15th) days of each month; or (ii) within ten (10) days of receipt of a proper invoice and the satisfactory completion of Services hereunder and the delivery to us of all Materials from the prior month, including any and all clearances, releases, negatives, raw files, assets and any other materials required to be delivered to us hereunder. You hereby acknowledge and agree that you have received satisfactory payment for your Services rendered from the date of this Agreement through November 31st, 2021. All reasonable expenses incurred in connection with you rendering Services must be pre-approved in writing in each instance prior to any reimbursement. All equipment that we and/or Artist purchase which you use in the course of rendering your Services shall remain our sole property.

4.      All Materials shall be deemed "works made for hire" for us as works specially commissioned for use as a contribution to a collective work. If, for any reason, any of the Materials is determined by a court of competent jurisdiction not to be a work made for hire for us, then you hereby irrevocably transfer, grant, convey and assign to us all right, title and interest, throughout the universe, in perpetuity, including the copyright and any and all renewals and extensions thereof, in and to the Materials. In connection with any assignment required by the foregoing, you shall sign such documents as we may require, including assignments of copyright, and, if you fail to do so within five (5) days after our request therefor, you hereby grant to us a power of attorney, irrevocable and coupled with an interest, to execute such documents in your name and in your place and stead. You agree that we shall be the sole and exclusive owner of all Materials, and that we shall have the sole and exclusive right, throughout the universe, in perpetuity, to reproduce and use and authorize the use of such materials by any manner or method now known or hereafter devised, in any form, for any purpose whatsoever, in our sole discretion, without making any additional payment to you or any third party. Your grant of such rights to the Materials to us is without condition, reservation or limitation. You shall not have any right to use any Materials for any purpose whatsoever whether personal or professional. You hereby acknowledge failure to comply with the language of this paragraph shall constitute a material breach of this Agreement. You acknowledge and agree that you, nor any other person or entity, shall have the right to sell, reproduce, exhibit or otherwise exploit the Materials, for any purpose or in any manner or media whatsoever, including, without limitation, for publication, sale, reproduction, transmission, commercial endorsements or merchandising of any kind.

5.      You irrevocably authorize us to use your name, likeness and biographical information for the purpose of publicizing or exploiting the rights granted hereunder or any materials that may embody any of the Materials. You hereby waive any so-called "moral rights" you have in your creative contributions to the Materials to the extent permitted by law. We may accord you appropriate credit wherever possible in connection with any use by us of the Materials where it is reasonable and customary to do so; provided, however, that no failure by us or any third party to comply with the provisions of this paragraph shall constitute a breach of this Agreement.

6.      Photographer represents, warrants and agree that: (a) you are free to enter into this Agreement and to grant the rights granted herein; (b) you are the sole author of the Materials; (c) you are authorized, empowered and able to enter into and fully perform this Agreement, and to grant the rights granted herein without infringing the rights of any person or entity, and you

has obtained any and all consents, waivers or permissions from any third parties required for you to perform under the Agreement; and (d) that your contributions to the Materials are original, and the use thereof as contemplated hereby shall not infringe upon the rights of any person or entity.

7. You, for yourself and for your representatives, licensees, agents, partners, employees, successors, heirs, attorneys and assigns, hereby fully and forever release and discharge us and Artist, and all of our and Artist's representatives, licensees, assigns, designees, agents, officers, directors, shareholders, subsidiaries, employees, successors, attorneys and assigns from any and all sums of money, claims, demands, debts, agreements, obligations, liabilities, damages, liens, costs (including, without limitation, attorneys' fees), and causes of action, whether known or unknown, suspected or unsuspected, which you now own, hold, or claim to have, has ever owned, held, or claimed, and/or may ever own, hold, or claim arising from any cause or circumstance whatsoever which occurred prior to, or existing as of the date hereof, including but not limited to any such claim arising in connection with or as the result of any use whatsoever of the Materials. You agree to defend, indemnify, save and hold us and Artist (and its related parties) harmless from all losses, damages and expenses (including reasonable attorneys' fees) arising out of or connected with any claim by a third party which is inconsistent with any warranty or representation made by you in this agreement.

8. Nothing herein contained shall constitute a partnership, joint venture or other agency relationship between you and us. You are performing your obligations hereunder as an independent contractor and you shall be solely responsible for and shall pay all taxes required to be paid in connection with the compensation payable to you hereunder, including payroll taxes or contributions, and the indemnity provisions hereof shall apply to any loss, liability, damage, penalty or other expense incurred due to our failure to withhold any taxes or to make any such contributions in respect of any amount we pay to you. You shall not hold yourself and we shall not hold ourselves out contrary to the terms of this paragraph, and neither you nor we shall become liable for any representation, act or omission of any the other contrary to the provisions hereof. You shall not have the right to execute any agreement or incur any obligation for which we or our designees may be liable or otherwise bound.

9. You agree that any breach of the terms of this agreement, including the unauthorized use or dissemination of the Materials or the Confidential Information, will cause Artist irreparable injury for which Artist would have no adequate remedy at law. Accordingly, we and/or Artist shall be entitled to immediate injunctive relief prohibiting any violation of this Agreement, in addition to any other rights and remedies available to Artist. Without limiting any other rights or remedies that Artist may have, Artist shall be entitled to recover any and all monies or other benefits whatsoever received by you or on your behalf from any and all sources in connection with any unauthorized use or dissemination of the Materials or the Confidential Information by you.

10. We may assign this Agreement and/or any of our rights hereunder to any person or entity. You may not assign this Agreement or any of your rights hereunder or delegate any of your obligations under this Agreement to any other person or entity, and any such purported assignment or delegation shall be null and void from the making thereof. This Agreement shall be binding upon and inure to the benefit of you and us and to the benefit of your and our

respective successors, representatives and assignees (as permitted herein). You shall not disclose any information obtained directly or indirectly as a result of or in connection with your engagement hereunder to any person or entity for any purpose whatsoever. This Agreement is intended by the parties hereto as a final expression of their agreement and understanding with respect to the subject matter hereof and as a complete and exclusive statement of the terms thereof, and supersedes any and all prior and contemporaneous agreements and understandings relating thereto. This Agreement shall be deemed to have been made in the State of New York and its validity, construction, breach, performance and operation shall be governed by the laws and judicial decisions of the State of New York (other than its conflict of laws rules) applicable to agreements made in and to be performed in the State of New York. The state and Federal courts located in New York County, New York shall have exclusive jurisdiction over any dispute between the parties related to this Agreement and each party hereby submits to the jurisdiction, and agrees not to contest the venue, of such courts. Whenever examples are used in this Agreement with the words "the like" "including," "for example," "e.g.," "such as" or any derivation thereof, such examples are intended to be illustrative and not in limitation thereof.

11. We have advised you, and you hereby acknowledge, that our and Artist's privacy is highly valued and that we require all efforts be made to maintain confidentiality with respect to all information and material of every kind concerning us, our business, professional and personal lives, activities and affairs (collectively, "Confidential Information"), other than information or material publicly and intentionally disclosed by us. You agree that: (a) all Confidential Information shall be deemed to be confidential, private, secret and sensitive, and shall be kept confidential and secret by you; and (b) you shall not at any time, directly or indirectly, orally or in writing, without our prior written consent (i) disclose, communicate or characterize to any third party any Confidential Information (including any information contained in or concerning this Agreement) which comes to your attention or is derived by you as a result of your engagement hereunder or otherwise, subject to any disclosure which you may be required to make by judicial process from a court of competent jurisdiction or otherwise as a matter of law; (ii) write or prepare, or assist in the preparation of, or grant any interview or contribute to, any book, program, article, or other form or report or communication intended for publication concerning Confidential Information; or (iii) take any action, or make any remarks, that may harm or disparage us and/or Artist or our and/or Artist's reputation or public image.

12. You hereby expressly acknowledges and agrees that the privacy of us, its principals and each performing artist affiliated with us, including, without limitation, Artist, and each of their respective family members, friends, employees, agents, representatives and affiliates, ("Protected Parties"), is highly valued and that all efforts are made to maintain confidentiality with respect to all information and other material of every kind concerning the Protected Parties except such information or material as is pre-approved and/or publicly and intentionally disclosed by us and/or Artist. Accordingly, you hereby agree that you shall not at any time use or disclose, directly or indirectly, to anyone other than to us and/or Artist, any information acquired by you in the course of or in connection with the Services performed by you for or in connection with us, Artist and/or the Protected Parties, or information in any manner acquired that in any way relates to the Protected Parties including, without limitation, concert tours, recording sessions, rehearsal sessions, and other performances involving any Protected Party, and whether arising or acquired prior to or after the date hereof, without us, Artist or her representative's prior approval.

4

Without limiting the generality of the foregoing, you agrees that you shall not at any time use or disclose, directly or indirectly, to anyone other than to us and/or Artist, any information about the legal affairs of Artist or the Protected Parties, the financial affairs, business operations, or account logins, of Artist or the Protected Parties, the physical health of the Protected Parties, contacts of individuals that us, Artist or the Protected Parties provide to you, or the philosophical, spiritual or other views or characteristics of the Protected Parties. Without limiting the generality of the foregoing, you will not publish, directly or indirectly, or cause or induce the publication to a third party of, any information, photos, videos, recordings or other materials, or any news articles of any kind or publicity of any kind relating to the Protected Parties, whether to single or multiple recipient(s) or onto the internet or by means of other technologies, including without limitation, via emailing, texting, tweeting, Facebook, Instagram, Snapchat, Twitter, TikTok or other social media or social networking websites, or by giving interviews, making statements to press or writing, preparing or assisting in the preparation of any books, articles, programs, blogs, press releases, multimedia messaging or any other oral or written communication, without the prior written consent of an authorized representative of Artist. In addition, any and all information described in this, including without limitation, any and all pictures, photographs, correspondence, videos, film, recordings, records, documents or other information relating to the business, professional or personal life or career or to any Protected Party, whether prepared by you or otherwise coming into your possession, is and shall remain Client's sole and exclusive property and shall not be removed or copied by you without our or Artist's prior written consent.

If the foregoing confirms your understanding of the agreement between you and us, please sign where indicated below.

Very truly yours,

HOT GIRL TOURING, LLC

By: *Megan Pete*
An Authorized Signatory

AGREED TO AND ACCEPTED:

By: *Emilio Garcia*
Name: Emilio Rene Garcia, Jr.

5