Neama Rahmani (State Bar No. 223819)
  *efilings@westcoasttriallawyers.com*
Ronald L. Zambrano (State Bar No. 255613)
  *ron@westcoasttriallawyers.com*
WEST COAST TRIAL LAWYERS, APLC
1147 South Hope Street
Los Angeles, California 90015
Telephone: (213) 927-3700
Facsimile: (213) 927-3701

Attorneys for Plaintiff,
EMILIO GARCIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT FOR THE STATE OF CALIFORNIA

| | |
|---|---|
| EMILIO GARCIA, as an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ROC NATION LLC., a Delaware business organization; HOT GIRL TOURING, LLC, a Delaware Business Organization.; MEGAN THEE STALLION ENTERTAINMENT, INC., a Delaware Business Organization; MEGAN THEE STALLION, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:24-cv-04448-HDV-SSC<br><br>District:    Hon. Hernan D. Vera<br>Magistrate: Hon. Stephanie S. Christensen<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT ROC NATION, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)**<br><br>Date:  August 22, 2024<br>Time: 10:00 a.m.<br>Courtroom: 5B<br><br>Action Filed:    April 23, 2024<br>Removed:        May 29, 2024<br>Trial:              Not set |

//
//

-I-
PLAINTIFF'S OPPOSITION TO DEFENDANT ROC NATION LLC'S MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

I.    FACTUAL SUMMARY PERTINENT TO THE COMPLAINT ..................... 1
II.   LEGAL STANDARD ON RULE 12(B)(6) MOTIONS TO DISMISS ........... 2
III.  ARGUMENT IN OPPOSITION ............................................................... 2
    A.  CONTRACT REGARDING EMPLOYMENT STATUS IRRELANT.... 2
    B.  ROC NATION FAILS TO EVEN ARGUE ITS BURDEN UNDER THE DYNAMEX'S ABC TEST THAT PLAINTIFF WAS AN LEGALLY AN INDEPENDENT CONTRACTOR ..................................................... 3
    C.  ROC NATION WAS A JOINT EMPLOYMER UNDER THE LABOR CODE AND WAGE ORDERS ................................................. 4
    D.  ROC NATION WAS A JOINT EMPLOYMER UNDER THE FEHA .... 5
        1. As a FEHA Employer ROC NATION is Vicariously Liable for FEHA Violations Committed by Defendant Meghan the Stallion ...... 6
IV.   IN THE ALTERNATIVE, PLAINTIFF SEEKS LEAVE TO AMEND .......... 7
V.    CONCLUSION ................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Barker v. Riverside County Office of Ed.* (9th Cir. 2009) ................................................. 2

*Bell Atlantic Corp. v. Twombly* (2007) ............................................................................ 2

*Beltran v. Hard Rock Hotel Licensing, Inc.* (2023) ........................................................... 7

*Braden v. Wal-Mart Stores, Inc.* (8th Cir. 2009) ............................................................... 2

*Doe v. United States* (9th Cir. 2005) ................................................................................ 2

*Dynamex Operations West, Inc. v. Sup.Ct. (Lee)* (2018) ........................................ 3, 4, 5

*Independent Trust Corp. v. Stewart Information Services Corp.* (7th Cir. 2012) .......... 7

*Jimenez v. U.S. Cont'l Mktg., Inc.*, (2019) ........................................................................ 6

Matthews v. Superior Court (1995) .................................................................................. 5

*Medina v. Equilon Enterprises, LLC*, (2021) ................................................................ 4, 5

*Myers v. Trendwest Resorts, Inc.* (2007) .......................................................................... 7

*Peloza v. Capistrano Unified School Dist.* (9th Cir. 1994). ............................................. 2

*Real v. Driscoll Strawberry Assocs., Inc.* (9th Cir. 1979) ................................................. 3

*Rescuecom Corp. v. Google Inc.* (2nd Cir. 2009) ............................................................. 2

*State Dept. of Health Services v. Sup.Ct. (McGinnis)* (2003) ......................................... 7

*United States v. Corinthian Colleges* (9th Cir. 2011) ..................................................... 7

*Vernon v. State of California* (2004) ........................................................................... 5, 6

**Statutes**

Cal. Gov't Code § 12926(d) .............................................................................................. 5

Cal. Lab. Code § 1132.2 .................................................................................................... 4

Cal. Labor Code § 2775 ................................................................................................ 3, 4

**Rules**

FRCP Rule 15(a) ................................................................................................................ 7

FRCP Rule 12(b)(6) ........................................................................................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL SUMMARY PERTINENT TO THE COMPLAINT

Plaintiff worked for ROC NATION, Hot Girl Touring ("HGT") and MEGAN THEE STALLION ENTERTAINMENT ("MTS"), and Megan Thee Stallion ("STALLION") -in her role as an artist/employer directed the manner in which Plaintiff carried out his duties at his job, both ROC NATION and MEGAN THEE STALLION ENTERTAINMENT were all his employers. (Decl. Garcia at ¶ 2) Initially, Plaintiff was paid a monthly flat rate while working for ROC NATION and STALLION ENTERTAINMENT, regardless of how many hours Plaintiff worked. Plaintiff was never told or asked to report hours worked by either ROC NATION, MTS, HTG, or STALLION. (Decl. Garcia at ¶ 5.)

On or around August 2022, Desiree Perez, ("PEREZ"), the Chief Executive Officer of ROC NATION, personally contacted Plaintiff to alter Plaintiff's compensation structure from a monthly rate to a pay-per-task system invoiced for each assignment. Despite this "change," the time expectation of Plaintiff remained the same as before ROC NATION's demand to change his pay. However, the new invoicing system resulted in Plaintiff earning significantly less, as the invoiced amounts did not accurately reflect the true time and effort dedicated to working for Defendants. (Decl. Garcia at ¶ 19; **Exh. "C."**)

After this change in pay structure by ROC NATION, where Plaintiff was reporting my hours worked to ROC NATION, to be approved and paid by ROC NATION, Plaintiff continued to be on-call, to travel to California at MTS's direction, to miss meal and rest breaks while working in California because MTS/ROC NATION/ MHT would direct Plaintiff to wait at hotel rooms for their further directions to perform my duties they were paying for. (Decl. Garcia at ¶ 20.)

On or around June 2023 ROC NATION unexpectedly informed Plaintiff that his services are no longer required. (Decl. Garcia at ¶ 22.)

//

**II. LEGAL STANDARD ON RULE 12(B)(6) MOTIONS TO DISMISS**

On a motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." (*Rescuecom Corp. v. Google Inc.* (2nd Cir. 2009) 562 F3d 123, 127; *Doe v. United States* (9th Cir. 2005) 419 F3d 1058, 1062.)

The court must draw all reasonable inferences from the facts alleged in plaintiff's favor when it determines whether the complaint states a valid claim. (*Braden v. Wal-Mart Stores, Inc.* (8th Cir. 2009) 588 F3d 585, 595 ("*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice"); see also *Barker v. Riverside County Office of Ed.* (9th Cir. 2009) 584 F3d 821, 824.) Courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." (*Peloza v. Capistrano Unified School Dist.* (9th Cir. 1994) 37 F3d 517, 52.) The court must accept as true all material factual allegations in the complaint: Rule 12(b)(6) does not countenance "dismissals based on a judge's disbelief of a complaint's factual allegations." (*Bell Atlantic Corp. v. Twombly* (2007) 550 US 544, 556.) The sole issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a plausible claim for relief. Thus, no matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion. (*Twombly*, *supra*, at 556.)

**III. ARGUMENT IN OPPOSITION**

Plaintiff respectfully opposes as follows:

**A. CONTRACT REGARDING EMPLOYMENT STATUS IRRELANT**

The moving papers are riddled with Defendant's refrain that Plaintiff can be nothing more than an independent contract because of a contract he signed stating as such. However, case law under the Fair Labor Standards Act (FLSA) and the California Labor Code/Wage Orders have long held such a contractual language does not establish the nature of the employment relationship as a matter of law: "Economic realities, not contractual labels, determine employment status for the remedial purposes

of the FLSA." (*Real v. Driscoll Strawberry Assocs., Inc.* (9th Cir. 1979) 603 F. 2d 748, 755.)

## B. ROC NATION FAILS TO EVEN ARGUE ITS BURDEN UNDER THE DYNAMEX'S ABC TEST THAT PLAINTIFF WAS AN LEGALLY AN INDEPENDENT CONTRACTOR

Now infamously, California's ABC test trumps any contractual attempt otherwise. To determine whether a worker is an employee or instead an independent contractor for claims asserted under a California Wage Order, the California Supreme Court adopted the simplified "ABC" test. The burden is placed on the business to prove that the worker is an independent contractor rather than an employee. If the business fails to satisfy each prong of the test, the worker will be presumed to be an employee. (*Dynamex Operations West, Inc. v. Sup.Ct. (Lee)* (2018) 4 C5th 903, 916-917, 956-957.)

Pursuant to Labor Code § 2775 et seq., for ROC NATION, HGT, and MTS meet its burden under the "ABC test," they (not Plaintiff) must establish three factors:

- (A) the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact; *and*

- (B) the worker performs work that is outside the usual course of the hiring entity's business; *and*

- (C) the worker is customarily engaged in an independently-established trade, occupation, or business of the same nature as the work performed.

The moving party does nothing to address the required burden under the ABC test that Plaintiff is legally an independent contractor under Labor Code § 2775 et seq – not even citing *Dynamex* or the pertinent statutory scheme. Based thereon, any argument Plaintiff is legally an independent contracts should by dismissed out of hand, and Motion to Dismiss should be dismissed.

To the extent ROC NATION misguidingly argues the Complaint itself lacks facts to establish it was an employer, the complaint explicitly pleads ROC NATION, HGT and MTS were Plaintiff's joint employers. (See Compl. at ¶ 2.) The Complaint further alleges how ROC NATION changes the terms and conditions of Plaintiff's compensation package. (Compl. ¶ 30.) It was ROC NATION that terminated Plaintiff's services. (Compl. ¶ 16; see also Decl. Garcia.)  Based thereon, there are sufficient facts to establish that ROC NATION was a joint employer of the Plaintiff.  Therefore, the Motion to Dismiss should be dismissed.

### C. ROC NATION WAS A JOINT EMPLOYMER UNDER THE LABOR CODE AND WAGE ORDERS

"Employer" means a person, partnership, firm, corporation, association, or other entity, which employs any person or persons to perform services for a wage or salary, and includes any person, partnership, firm, corporation, limited liability company, association or other entity acting as an agent of an employer, directly or indirectly. (Cal. Lab. Code § 1132.2.)   As discussed above, the business has the burden to establish a worker is legally an independent contractor if they satisfy *Dynamex's* ABC test (see Sec. A, supra).

As the Supreme Court noted in its subsequent *Dynamex* decision, the "suffer or permit to work" definition is extraordinarily broad, reaching "*all* individual workers who can reasonably be viewed as '*working in the [hiring entity's] business.*' " (*Medina v. Equilon Enterprises, LLC*, (2021) 68 Cal. App. 5th 868, 875.)  To the extent Defendant misguidingly argues Plaintiff was an independent contract, it simultaneously fails to meet the ABC Test under Labor Code § 2775 et seq., by failing to even address it.

Under the Labor Code, **a person can be a joint employer without exercising direct control over the employee**. (*Medina, supra*, 879 (emphasis added).) If the putative joint employer instead exercises enough control to indirectly dictate the wages, hours, *or* working conditions of the employee, that is a sufficient showing of

joint employment. (*Id* (emphasis added).)

As discussed above, ROC NATION dictate how Plaintiff was paid, the amount of Money Plaintiff was paid, and terminated Plaintiff's employment. The facts plausibly establish that ROC NATION itself was at least a joint employer with HTG and MTS over the Plaintiff. The Motion to Dismiss should be denied to the extent ROC Nation basis same on the erroneous position it was not an employment or at least a joint employer of the Plaintiff.

### D. ROC NATION WAS A JOINT EMPLOYMER UNDER THE FEHA

Under the FEHA, an "Employer" includes any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of the state, and cities. (Cal. Gov't Code § 12926(d) (West).). There is no magic formula for determining whether an organization is a joint employer. Rather, the court must analyze 'myriad facts surrounding the employment relationship in question.' No one factor is decisive. (*Vernon v. State of California* (2004) 116 Cal. App. 4th 114, 126.) "[T]he precise contours of an employment relationship can only be established by a careful factual inquiry." Vernon v. State of California, 116 Cal. App. 4th 114, 124–25 (2004) In determining liability under the FEHA, we look " 'to the degree an entity or person significantly affects access to employment' ...." (*Vernon v. State of California* (2004) 116 Cal. App. 4th 114, 126 (Matthews v. Superior Court (1995) 34 Cal.App.4th 598).)

> Factors to be taken into account in assessing [an employment] relationship of the parties include payment of salary . . . the location where the work is performed, the obligation of the defendant to train the employee, the authority of the defendant to hire, transfer, promote, discipline or discharge the employee, the authority to establish work schedules and assignments, the defendant's discretion to determine the amount of compensation earned by the employee . . . the duration of the relationship of the parties, and the duration of the plaintiff's employment.

(Vernon, supra, at 125.)

But **FEHA does not require that a claimant present evidence related to every possible factor** that might bear on the question of an employment relationship. (*Jimenez v. U.S. Cont'l Mktg., Inc.*, (2019) 41 Cal. App. 5th 189, 200 (emphasis added).) Where a FEHA claimant presents substantial evidence of an employment relationship that is rebutted only by direction and control evidence outside the bounds of the contractual context (such as in a temporary-staffing situation where hiring, payment, benefits, and time-tracking are handled by a temporary-staffing agency), the claimant has demonstrated an employment relationship for FEHA purposes. (*Jimenez,* supra, 201.) The termination of employment may be considered, but only within the specific employment relationship at issue. (*Id*. at 199.)

Here, ROC NATION dictated the terms and conditions of Plaintiff's compensation package starting in August 2022, and onward for the next 11 months of his employment. The change was drastic, from flat monthly rate to a pay-by-task structure leading to a drastic reduction in income despite the same amount of work. Then, it was ROC NATION that effectuated/communicated the termination of Plaintiff, not MTG, HGT or Stallion.

That ROC NATION did not control the day-to-day manner Plaintiff performed his job duties as a camera, under *Jimenez* and *Vernon*, is not dispositive. Rather, ROC NATION substantially controlled how Plaintiff was paid and his access to continued employment to such an extent it was legally an joint=employer under the FEHA. Based thereon, the Court should deny the ROC NATION's Motion to Dismiss on the basis there is sufficient facts for a plausible claim that it is a joint employer of the Plaintiff.

### 1. As a FEHA Employer ROC NATION is Vicariously Liable for FEHA Violations Committed by Defendant Meghan the Stallion

Under the FEHA, the employer itself is strictly liable for workplace harassment by a supervisor. There is no need to rely on agency concepts. (*State Dept. of Health*

*Services v. Sup.Ct. (McGinnis)* (2003) 31 Cal. 4th 1026, 1042; *Myers v. Trendwest Resorts, Inc.* (2007) 148 Cal. App. 4th 1403; *Beltran v. Hard Rock Hotel Licensing, Inc.* (2023) 97 Cal. App. 5th 865; *Myers v. Trendwest Resorts, Inc.* (2007) 148 Cal. App. 4th 1403, 1420.)

As established above, ROC NATION is a joint employer of the Plaintiff. Ergo, the harassment by Plaintiff's supervisor, undisputed to be international artist Megan the Stallion (MTS), ROC NATION is vicariously under the FEHA for the harassment she commits against the Plaintiff. (See Compl. at ¶¶ 13-17.) Therefore, Plaintiff has sufficiently pled claims against ROC NATION as a joint employer that is vicariously liable for the First and Second Causes of Action.

## IV. IN THE ALTERNATIVE, PLAINTIFF SEEKS LEAVE TO AMEND

As a practical matter, leave to amend is almost always granted by the court, at least once. FRCP 15(a) expressly states the court "should freely give leave when justice so requires." (FRCP 15(a)(2); *United States v. Corinthian Colleges* (9th Cir. 2011) 655 F3d 984, 995 (standard for granting leave to amend is "generous"); *Independent Trust Corp. v. Stewart Information Services Corp.* (7th Cir. 2012) 665 F3d 930, 943.)

Therefore, should the Court grant Defendant's motion, or any part thereof, Plaintiff respectfully requests that the court follow the pervasive, liberal policy permitting amendments that grant Plaintiff leave to amend the Complaint to add facts regarding how ROC NATION determined many factors of Plaintiff's employment.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court deny Defendant's Motion to Dismiss in its entirety. Alternatively, should this instant motion be granted, Plaintiff respectfully requests leave of Court to amend the Complaint to add facts described above.

//
//
//

Dated: August 1, 2024    WEST COAST TRIAL LAWYERS, APLC

BY: _____
Ronald L. Zambrano, Esq.
Attorney for Plaintiff,
EMILIO GARCIA

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is 1147 South Hope Street, Los Angeles, CA 90015.

On August 1, 2024, I served the foregoing documents described as: **PLAINTIFF'S OPPOSITION TO DEFENDANT ROC NATION, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)** on the interested parties in this action by placing a true copy or original thereof enclosed in a sealed envelope, addressed as follows: **SEE MAILING LIST**

☐ **BY MAIL (FRCP 5):** I am readily familiar with the firm's practice of collection and processing documents for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE TRANSMISSION (FRCP 5):** I caused such documents to be delivered via facsimile transmittal to the office of the addressee. The transmission(s) reported as complete and without error.

X **BY ELECTRONIC MAIL (FRCP 5(b)2(E)):** I caused such documents to be to be sent from the e-mail address madilaine@westcoasttriallawyers.com to the persons at the e-mail address(es) listed in the mailing list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY OVERNIGHT DELIVERY (FRCP 5):** I caused such documents to be delivered via express service carrier to the office of the addressee.

☐ **BY PERSONAL SERVICE (FRCP 5):** I caused such documents to be hand-delivered to the office of the addressee.

☐ State    X Federal

I declare under penalty of perjury pursuant to the laws of the State of California and the Federal Government of the United States of America that the foregoing is true and correct.

Executed on August 1, 2024, at Los Angeles, California.   _____

Madilaine Yazon Venzon

-1-
PROOF OF SERVICE

## MAILING LIST

| | |
|---|---|
| Michael R. Kleinmann, Esq.<br>   *mkleinmann@reedsmith.com*<br>Charlyn Jones<br>   *charlyn.jones@reedsmith.com*<br>REED SMITH LLP<br>355 South Grand Avenue, Suite 2900<br>Los Angeles, California 90071<br><br>Jordan W. Siev, Esq. (pro hac vice)<br>   *jsiev@reedsmith.com*<br>REED SMITH LLP<br>599 Lexington Avenue<br>New York, New York, 10022 | Counsel for Defendant,<br>Roc Nation LLC |
| Mari F. Henderson, Esq.<br>   *marihenderson@quinnemanuel.com*<br>Janet C. Shamilian, Esq.<br>   *janetshamilian@quinnemanuel.com*<br>Julian T. Schoen, Esq.<br>   *julianschoen@quinnemanuel.com*<br>Gabby Trevino<br>   *gabbytrevino@quinnemanuel.com*<br>Lucille Clavel<br>   *lucilleclavel@quinnemanuel.com*<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br><br>Alex B. Spiro, Esq. (pro hac vice)<br>   *alexspiro@quinnemanuel.com*<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1601 | Counsel for Defendants,<br>Megan Thee Stallion, Hot Girl Touring, LLC,<br>and Megan Thee Stallion Entertainment, Inc. |