Neama Rahmani (State Bar No. 223819)
  *efilings@westcoasttriallawyers.com*
Ronald L. Zambrano (State Bar No. 255613)
  *ron@westcoasttriallawyers.com*
WEST COAST TRIAL LAWYERS, APLC
1147 South Hope Street
Los Angeles, California 90015
Telephone: (213) 927-3700
Facsimile: (213) 927-3701

Attorneys for Plaintiff,
EMILIO GARCIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT FOR THE STATE OF CALIFORNIA

| | |
|---|---|
| EMILIO GARCIA, as an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ROC NATION LLC., a Delaware business organization; HOT GIRL TOURING, LLC, a Delaware Business Organization.; MEGAN THEE STALLION ENTERTAINMENT, INC., a Delaware Business Organization; MEGAN THEE STALLION, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:24-cv-04448-HDV-SSC<br><br>District:    Hon. Hernan D. Vera<br>Magistrate: Hon. Stephanie S. Christensen<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT MEGAN THEE STALLION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISTICTION**<br><br>Date: August 22, 2024<br>Time: 10:00 a.m.<br>Courtroom: 5B<br><br>Action Filed:  April 23, 2024<br>Removed:      May 29, 2024<br>Trial:         Not set |

//

-I-
PLAINTIFF'S OPPOSITION TO DEFENDANT MEGAN THEE STALLION'S MOTION TO DISMISS

**TABLE OF CONTENTS**

I.   INTRODUCTION ...............................................................................................1

II.  ARGUMENT .....................................................................................................2

   A.   DEFENDANT IS SUBJECT TO GENERAL JURISDICTION......................... 4

     a.   Defendant is Subject to Specific Jurisdiction ......................................5

     b.   California's Long-Arm Statute Authorizes its Courts to Exercise Jurisdiction Over Defendant. ........................................................................................7

III. IN THE ALTERNATIVE, PLAINTIFF SEEKS LEAVE TO AMEND .............9

IV.  CONCLUSION ................................................................................................10

# TABLE OF AUTHORITIES
**Cases**

*Asahi Metal Industry Co. v. Superior Court* (1987) ........................................................................8

*Ballard v. Savage* (9th Cir. 1995) ..................................................................................................2

*Daimler AG v. Bauman* (2014) ......................................................................................................4

*Ehrman v. Cox Commc'ns, Inc.*, (9th Cir. 2019) ............................................................................4

*Global Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.* (9th Cir. 2020) ....................................................................................................................................6

*Goodyear Dunlop Tires Operations, S.A. v. Brown* (2011) ...........................................................4

*Helicopteros Nacionales De Colombia v. Hal* (1984) ...................................................................5

*Herbal Brands, Inc. v. Photoplaza, Inc.* (9th Cir. 2023) ............................................................5, 6

*Independent Trust Corp. v. Stewart Information Services Corp.* (7th Cir. 2012) ..........................9

*International Shoe Co. v. Washington, 326 U.S. 310 (1945)* ........................................................7

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement* (1945) ....2

*Schwarzenegger v. Fred Martin Motor Co.* (9th Cir. 2004) ..................................................2, 3, 6

*Swarts v. Home Depot, Inc.* (N.D. Cal. 2023) ...............................................................................2

*United States v. Corinthian Colleges* (9th Cir. 2011) ....................................................................9

*Williams v. Yamaha Motor Co. Ltd.* (9th Cir. 2017) .....................................................................4

*World-Wide Volkswagen Corp. v. Woodson* (1980) ......................................................................2

**Statutes**

Cal. Code Civ. P. § 410.10 ..............................................................................................................2

**Rules**

FRCP Rule 15(a) .............................................................................................................................9

**TO DEFENDANTS AND ALL ATTORNEYS OF RECORD:**

Plaintiff Emilio Garcia ("Garcia" or "Plaintiff") submits this Opposition to Defendant Megan Thee Stallion's Motion to Dismiss for Lack of Personal Jurisdiction.

## I.     INTRODUCTION

In an attempt to avoid facing the allegations against her, Defendant seeks to shield herself behind a flimsy veil of jurisdictional arguments, urging the court to dismiss this case when it falls squarely within its rightful purview. This motion is Defendant's misguided effort to evade accountability and should be denied. I her motion Defendant is making the argument that "Defendant is not subject to traditional bases of personal jurisdiction" and yet Defendant herself has **publicly** acknowledged that she lives in California.

The Defendant has maintained substantial and deliberate contacts within the State of California, making this venue not only appropriate but necessary for the fair adjudication of this matter. Ignoring these connections would be to ignore the reality of Defendant's actions and their impact within this jurisdiction.

Defendant is a celebrity with homes all over the country, however, Defendant's main residency is in California. In fact, majority of Plaintiff's work duties were performed in California. In addition to living in California, Defendant holds and attends many business-related meetings in California. Essentially Defendant is a California resident but maintains properties in different states in an audacious attempt to evade accountability by hiding behind a jurisdictional argument.

Plaintiff bears the burden of establishing that personal jurisdiction exists, and has done so by setting forth specific facts showing that the court has jurisdiction. The court has the discretion to decide the motion upon the affidavits alone, permit discovery in aid of deciding the motion, or conduct an evidentiary hearing to resolve any apparent factual questions. Given the plaintiff's prima facie showing and the established legal standards, the motion to dismiss for lack of personal jurisdiction should be denied.

//

## II. ARGUMENT

A state has personal jurisdiction over a defendant when there are "minimum contacts" between the defendant and the forum state that would allow the defendant to "reasonably anticipate" being hauled into court in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The exercise of jurisdiction over Defendant in California "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (citation omitted). "California's long-arm jurisdictional statute authorizes jurisdiction to the fullest extent permitted by the Constitution." *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 739 (N.D. Cal. 2023) (citing Cal. Code Civ. P. § 410.10). Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Because California's long-arm statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal law are the same. *Id.* at 801; *see* Cal. Civ. Proc. Code § 410.10.

Plaintiff only needs to make a prima facie showing of jurisdictional facts that, if true, would support jurisdiction over the defendant. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800. Plaintiff's allegations support personal jurisdiction over Defendant.

Here, Defendant's contact with California is more than minimum. Defendant lives in California. (Plaintiff's Declaration ("Plaintiff Decl.") at ¶ 8). Majority of Plaintiff's work was conducted in California. (Plaintiff's Declaration). Plaintiff regularly met Defendant at her residence in Malibu or Beverly Hills California. (Plaintiff's Declaration). Besides owning, maintaining, and living in California Defendant regularly holds many Work related events in California. More importantly,

| | |
|---|---|
| 1 | Defendant should have never brough this motion because she has previously |
| 2 | acknowledged that she is California resident. On or around October 2022, almost every |
| 3 | major news outlet in the country broke the news that Defendant Megan Thee Stallion's |
| 4 | home in Los Angeles was broken into. According to businessinsider.com (picture on |
| 5 | the left) Defendant was unfortunately, robbed of hundreds of thousands of dollars of |



*personal items*. Defendant kept her personal items in California because Defendant's main residency is in California (Plaintiff's Decl 8). Defendant did not dispute that her home in Los Angeles was robbed. In fact, Defendant acknowledged the robbery on X (formally known as Twitter) social media platform by sharing a message that she's glad everyone is safe. (Picture on the right).

Defendant Megan Thee Stallion is subject to general and specific jurisdiction in California. The defendant must maintain continuous and systematic general business contacts that closely resemble physical presence in the forum state in order to be subject to general jurisdiction *Schwarzenegger v.*



*Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). However, A court may assert specific jurisdiction when the defendant's conduct related to the lawsuit establishes a substantial connection with the forum state. *Williams v. Yamaha Motor*

-3-

PLAINTIFF'S OPPOSITION TO DEFENDANT MEGAN THEE STALLION'S MOTION TO DISMISS

1  *Co. Ltd.*, 851 F.3d 1015, 1022-23 (9th Cir. 2017).

## A. DEFENDANT IS SUBJECT TO GENERAL JURISDICTION

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 915 (2011). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile". *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 (2014). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

In her motion to dismiss, Defendant argues that she is not domiciled in California because she owns a home Florida, pays taxes there and she has a Florida Identification card. However, none of those reasons make her domicile to sate of Florida. As the court held in *Ehrman,* a person is domicile where her permanent home is, where she resides with the intention to remain or return. *Ehrman*, 932 F.3d at 1227. Defendant's home is in California. (Plaintiff Decl. at ¶ 8). Defendant is a high-net-worth celebrity with capability to purchase home at any state in the country. Over the entirety of Plaintiff's employment with the Defendants, Defendant Megan Thee Stallion main residence was in California. (Plaintiff Decl. at ¶ 8). Defendant's argument that because she owns a home in Florida and she rents homes in California is meritless. Throughout the entirety of Plaintiff's employment with the Defendants, Plaintiff met Defendant Megan Thee Stallion repeatedly at either of her homes in Malibu and Beverly Hills California. (Plaintiff Decl. at ¶ 8).

Perhaps Defendant owns a home in Florida or many other places around the world, but California is where she lives and where she intends to return. As mentioned above, Defendant's Los Angeles property was unfortunately robbed on around October of 2022. The reports of the robbery indicated that over hundreds of thousands of dollars

-4-
PLAINTIFF'S OPPOSITION TO DEFENDANT MEGAN THEE STALLION'S MOTION TO DISMISS

of *personal items* where stolen from her house in Los Angeles, California. Plaintiff clearly had intention of returning back to her house because she stored valuable personal items at house in California. Moreover, Plaintiff performed majority of his job duties in California for the Defendant. (Plaintiff Decl. at ¶ 7). Hottie Bootcamp, one of the many projects Plaintiff worked on for the Defendants, was entirely filmed in Defendant Megan Thee Stallion's Malibu California residency.

Plaintiff was regularly contact by various Defendants to work on different projects in California. (*See* **"Exhibit A"** Plaintiff Decl. at ¶ 13). In fact, during Plaintiff's stays in Los Angeles, Defendants placed her at a hotel near Calabasas California so Plaintiff is close to Defendant Megan Thee Stallion's house. (*See* **"Exhibit B"** Plaintiff Decl. at ¶ 14-15). Defendant maintains more than minimum contact with the state of California. The extensive and deliberate contacts that Defendant has maintained within the State of California unequivocally establish the propriety of this jurisdiction. To argue otherwise is to disregard the facts and the law.

### a. Defendant is Subject to Specific Jurisdiction

A court may exercise specific jurisdiction when the cause of action arises from **or is connected** to the defendant's contacts with the forum. It is fair and reasonable to subject a defendant to suit in a forum where they have significant contacts that are directly related to the underlying cause of action. *Helicopteros Nacionales De Colombia v. Hal*, 466 U.S. 408, 427-428 (1984). The Ninth Circuit uses a three-part minimum contacts test to determine whether specific jurisdiction exists. *See Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023). "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendants forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Id.* at

PLAINTIFF'S OPPOSITION TO DEFENDANT MEGAN THEE STALLION'S MOTION TO DISMISS

1090 (citing *Schwarzenegger*, 374 F.3d at 802). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable. *Id*. At 809.

### 1. Defendant Purposefully Directed Her Activities Towards California

"When both contract and tort claims are at issue, both tests are relevant. At bottom, both purposeful availment and purposeful direction ask whether defendants have voluntarily derived some benefit from their interstate activities such that they will not be hauled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts" *Global Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1104 (9th Cir. 2020).

To demonstrate that a defendant purposefully availed themselves of the privilege of doing business in a forum state, there must typically be evidence of the defendant's actions within the forum, such as executing or performing a contract there. By engaging in such activities, a defendant purposefully avails themselves of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its laws. *Schwarzenegger*, 374 F.3d at 802.

Defendant falsely and conveniently interpreted her analysis of purposefully directing her activities towards California. The analysis under this section is clear, it is undisputed that Defendant regularly conducts business related activities in California. While employed by the Defendant, Plaintiff performed majority of his job duties for the Defendant in California. (Plaintiff Decl. at ¶ 8). More specifically, Plaintiff worked on a project that was entirely at Defendant's home in California. (Plaintiff Decl. at ¶ 11). Defendant's failure to provide meal and rest periods, failure to compensate Plaintiff's overtime wages, waiting time penalties occurred while Plaintiff was working for the

Defendant in California. (Plaintiff Decl. at ¶ 20). Defendant has purposefully direct her activities towards California and has enjoyed the benefits of this state and invoked the protections of California.

### 2. Plaintiff's Claims Arise Out Of Or Relate To Defendant's Contact With California.

Defendant's heavy presence in the state along with the fact that Plaintiff conducted majority of his job duties for the Defendant in the state of California should alone satisfy the requirement that Plaintiff's claims result from or relate to Defendant's contact with California. But Defendant's contact with California goes beyond that. Defendant lives in California and regularly conducts business meetings in California. Plaintiff was denied of his meal and rest periods while he was working for the Defendant in California. (Plaintiff Decl. at ¶ 20). Defendant failed to compensate Plaintiff's overtime wages while he was working for the Defendant while he was in California (Plaintiff Decl. at ¶ 20). Defendant failed to compensate Plaintiff's wages earned and unpaid while he was in California. (Plaintiff Decl. at ¶ 20).

### 3. Defendant Cannot present a compelling case that the exercise of jurisdiction is unreasonable.

Give that Plaintiff has clearly established the first two prongs, it is Defendants burden to show why exercise of jurisdiction is unreasonable and Defendant cannot meet this burden. This prong would require substantial analysis if the Defendant did not leave in California. But here, it is clear that it is reasonable to exercise this jurisdiction as Defendant lives in California and regularly conducts business within the state.

### b. California's Long-Arm Statute Authorizes its Courts to Exercise Jurisdiction Over Defendant.

California's long arm statute allows for its courts to obtain personal jurisdiction over an out-of-state defendant on the basis of certain acts committed by an out-of-state defendant, provided that the defendant has sufficient connection with the state. In *International Shoe Co. v. Washington, 326 U.S. 310 (1945)*, the Supreme court held that

for a defendant to have minimum contacts, the defendant needs some combination of the two following factors: "(1) Systematic and continuous activity within the forum jurisdiction; and (2) a cause of action arising from that activity." In *Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102 (1987), the supreme court added that when defendant has minimum contact, asserting jurisdiction is only proper if it would not be unfair to the defendant. The *Asahi* court held that these consequences include "the burden on the defendant; the interests of the forum state in the action; the plaintiff's interest in having the forum state exercise jurisdiction; and overall efficiencies of having the forum exercise jurisdiction."

### 1. Systematic and Continuous Activity in California

Defendant exercised systematic and continuous activity within California for the duration of Plaintiff's employment with her. Plaintiff began to work as a personal cameraman for Defendant in July 2018 proceeded to work for her until June 2023. (Plaintiff Decl. at ¶ 4). Over the entirety of Plaintiff's employment, meetings regarding his job were conducted at either of Defendants homes in Malibu or Beverly Hills California. (Plaintiff Decl. at ¶ 10). Defendant's primary place of residence was in California and one of the main projects Plaintiff worked on with Defendant known as "Hottie Bootcamp" was also entirely filmed in Defendant's Malibu residence in California. (Plaintiff Decl. at ¶ 11). As established above, Plaintiff's continuous employment with Defendant from July 2018 to June 2023 primarily took place in California and such contact is sufficient to constitute systematic and continuous activity in California.

### 2. A cause of action arising from that activity

Plaintiff's cause of action against defendant arises from Defendant's systematic and continuous activity in California. Plaintiff is bringing this action for his extended work hours in and missed meal and rest breaks while working in California at Defendants direction. (Plaintiff Decl. ¶ 20) Accordingly, Plaintiff's cause of action arises from the same systematic and continuous activity as established above.

### 3. California Asserting Jurisdiction Is Not Unfair to Defendant

The *Asahi* court held that when there is minimum contact, the courts still need to consider certain consequences of asserting personal jurisdiction such as the burden imposed on the defendant, the interest of the forum state in the action, the plaintiff's interest in having the forum state exercise jurisdiction and overall efficiencies of having the forum state exercise jurisdiction.

Defendant is a high-net-worth celebrity who travels frequently and globally. Defendant frequently visits California as she has residences in Malibu and Beverly Hills, California. (Plaintiff Decl. ¶ 10). As such, Defendant will not be geographically, or financially burdened by California asserting jurisdiction over this matter.

Furthermore, it is in the interest of the California to ensure that employees, like Plaintiff who spent the majority of their tenure working in California are able to recover from damages sustained through unlawful employment practices which are in direct violation of California's employment laws. Moreover, Plaintiff has an interest in having California exercise jurisdiction because Plaintiff spent the majority of his time working in California and as such shall be protected by the governing employment laws of California. Thus, California exercising jurisdiction over this matter is not unfair to Defendant.

### III. IN THE ALTERNATIVE, PLAINTIFF SEEKS LEAVE TO AMEND

As a practical matter, leave to amend is almost always granted by the court, at least once. FRCP 15(a) expressly states the court "should freely give leave when justice so requires." (FRCP 15(a)(2); *United States v. Corinthian Colleges* (9th Cir. 2011) 655 F3d 984, 995 (standard for granting leave to amend is "generous"); *Independent Trust Corp. v. Stewart Information Services Corp.* (7th Cir. 2012) 665 F3d 930, 943.)

Therefore, should the Court grant Defendant's motion, or any part thereof, Plaintiff respectfully requests that the court follow the pervasive, liberal policy

permitting amendments that grant Plaintiff leave to amend the Complaint to add facts regarding how Defendant Meghan the Stallion has purposefully availed herself in California sufficiently to establish minimum contacts for personal jurisdiction.

## IV. CONCLUSION

Given Defendant's substantial and continuous contact with California and plaintiff's prima facie showing and the established legal standards, the motion to dismiss for lack of personal jurisdiction should be denied.

Dated: August 1, 2024          WEST COAST TRIAL LAWYERS, APLC

BY: _____
Ronald L. Zambrano, Esq.
Attorney for Plaintiff,
EMILIO GARCIA

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is 1147 South Hope Street, Los Angeles, CA 90015.

On August 1, 2024, I served the foregoing documents described as: **PLAINTIFF'S OPPOSITION TO DEFENDANT MEGAN THEE STALLION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISTICTION** on the interested parties in this action by placing a true copy or original thereof enclosed in a sealed envelope, addressed as follows: **SEE MAILING LIST**

☐ **BY MAIL (FRCP 5):** I am readily familiar with the firm's practice of collection and processing documents for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE TRANSMISSION (FRCP 5):** I caused such documents to be delivered via facsimile transmittal to the office of the addressee. The transmission(s) reported as complete and without error.

X **BY ELECTRONIC MAIL (FRCP 5(b)2(E)):** I caused such documents to be to be sent from the e-mail address madilaine@westcoasttriallawyers.com to the persons at the e-mail address(es) listed in the mailing list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY OVERNIGHT DELIVERY (FRCP 5):** I caused such documents to be delivered via express service carrier to the office of the addressee.

☐ **BY PERSONAL SERVICE (FRCP 5):** I caused such documents to be hand-delivered to the office of the addressee.

☐ State     X Federal

I declare under penalty of perjury pursuant to the laws of the State of California and the Federal Government of the United States of America that the foregoing is true and correct.

Executed on August 1, 2024, at Los Angeles, California.   _____

Madilaine Yazon Venzon

-1-
PROOF OF SERVICE

## MAILING LIST

| | |
|---|---|
| Michael R. Kleinmann, Esq.<br>  *mkleinmann@reedsmith.com*<br>Charlyn Jones<br>  *charlyn.jones@reedsmith.com*<br>REED SMITH LLP<br>355 South Grand Avenue, Suite 2900<br>Los Angeles, California 90071<br><br>Jordan W. Siev, Esq. (pro hac vice)<br>  *jsiev@reedsmith.com*<br>REED SMITH LLP<br>599 Lexington Avenue<br>New York, New York, 10022 | Counsel for Defendant,<br>Roc Nation LLC |
| Mari F. Henderson, Esq.<br>  *marihenderson@quinnemanuel.com*<br>Janet C. Shamilian, Esq.<br>  *janetshamilian@quinnemanuel.com*<br>Julian T. Schoen, Esq.<br>  *julianschoen@quinnemanuel.com*<br>Gabby Trevino<br>  *gabbytrevino@quinnemanuel.com*<br>Lucille Clavel<br>  *lucilleclavel@quinnemanuel.com*<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br><br>Alex B. Spiro, Esq. (pro hac vice)<br>  *alexspiro@quinnemanuel.com*<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1601 | Counsel for Defendants,<br>Megan Thee Stallion, Hot Girl Touring, LLC,<br>and Megan Thee Stallion Entertainment, Inc. |